# Nellie Moore, Appellant, v. Illinois Commercial Men's Association, Appellee.

## Gen. No. 15,911.

1. INSTRUCTIONS—*when repetition of particular phrase not ground for reversal.* In an action upon an accident insurance policy, *held*, that the frequent repetition of the expressions "external, violent and accidental means" and "independently of all other causes," was not ground for reversal.

2. INSURANCE—*burden of proof in action upon accident policy.* In an action for death predicated upon an accident insurance policy, *held*, that the burden of proof is upon the plaintiff to show that the death was due to external, violent and accidental means independently of all other causes.

Appeal from the Municipal Court of Chicago; the HON. JOHN R. NEWCOMER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed November 14, 1911.

FREDERICK A. BROWN and WILLIAM R. T. EWEN, JR., for appellant.

JAMES MAHER, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

Suit was brought by the appellant against the appellee, which is an accident insurance association doing business on what is known as the assessment plan, upon a contract of insurance with John J. Moore, the husband of the appellant, in which contract the appellant was made beneficiary, the policy providing for the payment of $5,000 to the beneficiary in the event of the death of the insured resulting from bodily injury received through external, violent and accidental means.

There was a trial before the court and a jury and a verdict in favor of the appellee. After overruling a

motion for a new trial, the court entered a judgment in favor of the appellee and against the appellant for costs.

The assignments of error relied upon by the appellant for reversal of the judgment are, first, that the court erred in instructing the jury; second, that the verdict is manifestly against the weight of the evidence; third, that the court erred in refusing to admit the testimony of a physician as to what the insured had stated to him immediately preceding the death of the insured.

It appears from the record that the insured, who was a traveling salesman, died in Eagle Grove, Ia., on June 11, 1907. The contention of appellant is that his death was due to an accident received by him at his residence in Des Moines, Ia., June 2, 1907, nine days before his death. There was no direct proof of this so-called accident, but the appellant insists that the circumstantial evidence contained in the record is sufficient to establish the fact that it occurred in the manner stated.

The appellant testified that on the morning of June 2, 1907, the insured came down to breakfast about 8:30, with his coat and vest and collar in his hand; that he was rubbing the back of his neck, and held his head back "as if he was favoring it;" that he looked paler than usual; that he ate his breakfast the same as usual, and held his head back and continued to rub his neck during the day; that he did a good deal of writing during the day, which was Sunday, and retired about 8:30 in the evening; that on the following day he arose about nine o'clock and appeared to be about the same as on the day before; that he left his house about ten o'clock and returned about three o'clock in the afternoon, lay down, and about eight o'clock in the evening again retired; that on Tuesday he left the house about nine o'clock and that on this day "he push-

ed his hat down on his head tight and looked silly like a half witted person;'' that on Wednesday he received treatment from an osteopath, returned to his home about three o'clock and retired about eight o'clock.

The evidence further discloses that his movements on the next few days were of about the same character, and that on the following Monday he went to Eagle Grove, Ia.; that on the next day he was found on the floor of the room of his hotel completely paralyzed, though conscious for a time, and died about an hour thereafter. An autopsy was had and a blood clot was found at the base of the brain, the result of a hemorrhage, but the exact spot or place where the lesion which caused the hemorrhage occurred was never found. There was no mark on his body of any sort which would indicate that he had received an injury from external sources sufficient to cause death.

It appears that the deceased was accustomed in his lifetime to take physical exercise such as swinging his arms outward in an endeavor to touch his hands behind his back, and the like.

By the terms of the policy, the application for membership was made a part of the contract, as were also the by-laws. One of the provisions of the by-laws is:

''Whenever any member of this association in good standing shall, through external, violent and accidental means, receive bodily injuries which shall within six months from and after the date of said accident and independently of all other causes result in the death of said member,'' etc.; another provision is to the effect that ''the association shall not be liable to any person for any indemnity or benefit for injuries or death* * * in case such injuries shall occur as the result, wholly or partially, directly or indirectly of * * * disease, bodily or mental infirmity.''

In their argument the attorneys for the appellant complain of the charge of the court to the jury, largely upon the ground that it contains twenty or more times

the expression "external, violent and accidental means," and the expression "independently of all other causes."

We have carefully read the charge, as it appears in the abstract of record, and find that it contains several instructions evidently given at the request of the appellant, or at least based upon the appellant's theory of the case. While the repetition in many of the instructions of the words heretofore referred to may have been more frequent than necessary, we do not think, in view of other instructions given to the jury, that their repetition is ground for reversal of the judgment.

The charge is further alleged to be erroneous because it is based upon the assumption that the burden of proof was on the plaintiff to show that the death was due to external, violent and accidental means, indepently of all other causes, and the appellant insists that the burden was not so upon her. The case of Continental Life Insurance Co. v. Rogers, 119 Ill. 474, is cited as bearing upon this question. As we read that decision, it refers to matters which appear in the application only, and has to do with warranties and representations made by the insured, and is not authority for the proposition advanced by appellant that in an action for death by accident, upon a policy such as the one before us, an insurance company must plead and establish as a fact that the insured died from disease and not from accident. The holding of the U. S. Circuit Court of Appeals in a recent case (Illinois Commercial Men's Ass'n v. Parks, 179 Fed. 794) is that the burden of proof is on the beneficiary, under a policy of apparently the same form as that which we are now considering, not only to establish that the injury from which death ensued was accidental, but that such accidental injury was the sole cause of death, independently of any pre-existing disease or bodily infirmity as a contributory cause thereof. This was also the conclu-

sion reached in National Masonic Acc. Ass'n. v. Shryock, 73 Fed. 774, and Commercial Trav. Mut. Ass'n. v. Fulton, 79 Fed. 423, and we agree with such conclusion.

Counsel for appellee argues with great force that the undisputed evidence in the case before us conclusively shows that there was no accident; that the death of the insured was from disease and not from bodily injuries which are shown to have been in any sense occasioned through external, violent and accidental means, and he insists that the court should have directed a verdict for the appellee. It is not necessary, however, for us to determine this question, because the court, under very full instructions, submitted the case to the jury to determine the facts, and the jury has found them adversely to the appellant.

It is urged upon us by the appellant that the verdict is manifestly against the evidence and that for that reason the judgment should be reversed.

In the proofs of loss the so-called accident is said to have occurred on June 2, 1907, the language used in the proofs being, "While deceased was stretching himself while lying in bed by throwing his arms over his head, his body resting on the back of his head and heels." There was no evidence tending to show that the deceased stretched himself while lying in bed, or that he threw his arms over his head, with his body resting on his head and heels, as stated. The only testimony that can in any way be said to bear upon the matter is that of his wife, who described his manner as he came to the breakfast table on that morning and other testimony to the effect that he was accustomed to exercise himself in some such way as heretofore set forth.

These facts were submitted to the jury, together with the testimony of several doctors called by the two parties to the controversy. The jury saw and heard the witnesses and were in much better position to determine as to their credibility or the lack of it than are we. We therefore would not feel justified in overrid-

ing their judgment in the matter, even if we were not of the opinion that the evidence offered by the appellant was of such doubtful weight as to make it questionable whether the court should not have directed a verdict in favor of the appellee.

The third point urged upon us as ground for reversal of the case is that the court erred in refusing to admit the testimony of the physician as to what the insured said to him immediately preceding the death. The point was not argued to any extent by either of the parties, and we understand the appellant is not claiming the testimony to have been admissible except on the theory that death was due to some accident which occurred on June 11, 1907, as set out in the second special count. We fail to find any evidence upon which the theory of an accident occurring on June 11th can be successfully predicated. We think, therefore, that the court did not err in excluding this testimony.

We find no error in the record, and the judgment will be affirmed.

*Judgment affirmed.*