## Semancik, Appellant, *v.* Continental Casualty Company.

*Insurance—Accident insurance—Death by sunstroke.*

Where an accident insurance policy provides for an indemnity in case of "personal bodily injury . . . . which is effected directly and independently of all other causes through external, violent and purely accidental means," and also "if sunstroke . . . . due . . . . to external, violent and accidental means shall result independently of all other causes in the death of the insured," no recovery can be had for a death by sunstroke unless it is shown that the sunstroke was brought about by some concurring accident.

Argued Dec. 4, 1913.   Appeal, No. 237, Oct. T., 1913, by plaintiff, from judgment of C. P. Northampton Co., Feb. T., 1912, No. 28, for defendant n. o. v. in case of Lizzie Semancik v. Continental Casualty Company.   Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Assumpsit on a policy of accident insurance.   Before STEWART, J.

From the record it appeared that John Semancik, during his lifetime entered into a contract of accident insurance with the defendant company.   The policy issued to him by the company contained the following clauses:

"Part I. Insuring Clause for Accident.

"If the Insured, while this policy is in force shall receive personal bodily injury (suicide sane or insane not included) which is effected directly and independently of all other causes through external, violent and purely accidental means, and which causes at once and continuously after the accident total inability to engage in any and every labor or occupation, the Company will pay indemnity for loss of life, limb, limbs, sight or time resulting therefrom.

"Part VI. Special Accident Indemnities.

"A. If sunstroke, freezing or hydrophobia, due in either case to external, violent and accidental means, shall result, independently of all other causes, in the death of the Insured within ninety days from date of exposure or infection, the Company will pay said principal sum as indemnity for loss of life."

The deceased was a section hand employed at the time of his death by a railroad company.   He was at work on July 3, 4, 5, 1911, all of which were unusually hot days.   On the afternoon of July 5 he complained of being sick, and was advised by his fellow workmen to lie down.   He went a short distance away from the place where he was working, and lay down in the shade

of some railroad ties.   A short time afterwards his fellow workmen went to his side and found that he was dead. A doctor certified that the cause of the death was sunstroke.   Two witnesses testified that the deceased was at the time he was working with them in apparently good health.   The court gave binding instructions for plaintiff.   Verdict for plaintiff for $1,115.   Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*William H. Kirkpatrick*, with him *Frank P. Mc-Cluskey*, for appellant.—Sunstroke is an accident: American Accident Co. v. Reigart, 94 Ky. 547 (23 S. W. Repr. 191); Paul v. Travellers Ins. Co., 112 N. Y. 472 (20 N. E. Repr. 347); North American Life & Accident Ins. Co. v. Burroughs, 69 Pa. 43; Hey v. Liability, etc., Co., 181 Pa. 220; Burkhard v. Travelers' Ins. Co., 102 Pa. 262; Ismay, Imrie & Co. v. Williamson, L. R. (1908) A. C. 437.

We respectfully submit that if the court has held that sunstroke in ordinary cases is not "external, violent and accidental," then not one of the cases put by the appellee would be covered by the policy.   There are certainly cases where the disease is directly produced by some external means, in which the insurance company has been compelled to pay the indemnity: Western Commercial Travelers' Assn. v. Smith, 85 Fed. Repr. 401; Farner v. Massachusetts Mut. Acc. Assn., 219 Pa. 71.

A construction will be avoided, if possible, which will render the instrument frivolous and ineffectual, it being presumed that the parties intended the instrument to have some operation.

*M. P. Cornelius*, with him *Geo. F. Coffin* and *Manton Maverick*, for appellee.—There can be no recovery under a policy insuring against the result of an injury effected

through accidental means, where such injury, although totally unexpected, fortuitous and undesigned, and in that sense accidental, is occasioned by a voluntary act on the part of the insured, executed in an expected and ordinary way, since such injury, though accidental, is not effected through accidental means.

Southard v. Railway Pass. Assur. Co., 34 Conn. 574; hernia from jumping off of car and running without stumbling or falling.   Westmoreland v. Pref. Acc. Ins. Co., 75 Fed. Repr. 244; death occasioned by voluntary administration of chloroform in the usual way.   Travelers' Ins. Co. v. Selden, 78 Fed. Repr. 285; injury received by running rapidly over rough ground without stumbling or falling.   Shanberg v. Fid. & Cas. Co., 158 Fed. Repr. 1; affirming 143 Fed. Repr. 651; injury from carrying one end of heavy door without slipping, stumbling or falling.   Hastings v. Travelers' Ins. Co., 190 Fed. Rep. 258; dilation of heart produced by insured voluntarily raising himself up and down in chair by placing hands on arms of chair.   Cobb v. Pref. Mut. Acc. Assn., 96 Ga. 818 (22 S. E. Repr. 976); blindness, presumably occasioned by walking with heavy grips on hot day, without slipping or falling.   Moore v. Ill. Com. Men's Assn., 166 Ill. App. 38; burden on plaintiff to show injury effected through accidental means.   Schmid v. Ind. Trav. Ass. Assn., 42 Ind. App. 483 (85 N. E. Repr. 1032); paralysis of heart caused by high altitude and unusual strain occasioned by muscular exertion in carrying grip upstairs in rarefied atmosphere.   Result of voluntary physical exertion or vicissitudes of climate or atmosphere, although unexpected and unforeseen, not due to accidental means.   Carnes v. Iowa State Trav. Men's Assn., 106 Ia. 281 (76 N. W. Repr. 683); death from intentionally taking morphine tablets, if insured intends to take amount he does take and misjudges effects, although totally unexpected and unforeseen, not due to an "accidental cause."   Feder v. Ia. State Trav. Men's Assn., 107 Ia. 538 (78 N. W. Repr. 252); death

from rupture of artery from attempt to close window shutters; no evidence that insured fell, slipped, lost balance, failed to catch shutter, etc., or that anything occurred which was not foreseen and planned except the rupture; not due to an "accidental cause." Smouse v. Iowa State Trav. Men's Assn., 118 Ia. 436 (92 N. W. Repr. 53); death from rupture of blood vessel in a voluntary attempt to remove night shirt over head, not due to an "accidental cause." Lehman v. Railroad Co., 153 Ia. 118 (133 N. W. Repr. 752); appendicitis occasioned from strain while bowing without slipping or falling. Pervangher v. Union Cas. & Surety Co., 85 Miss. 31 (37 So. Repr. 461); court intimates in passing on demurrer that injury from voluntary lifting and straining not due to accidental means, but contra if weight fell and struck insured. Appel v. Ætna Life Ins. Co., 83 N. Y. Supp. 238; affirmed 180 N. Y. 514; appendicitis from riding bicycle over rough ground without fall or collision. Niskern v. Uni. Bro. of C. & J. of America, 87 N. Y. Supp. 640; disability caused by rupture of blood vessel from voluntary lifting not occasioned by "accidental injuries." Clidero v. Scottish Acc. Ins. Co., England, 29 Scottish Law Repr. 303; insured pulling on stocking felt something give way. Autopsy disclosed colon had fallen out of place, causing death. No evidence of slip or other accidental means. Scarr v. General Acc. Assur. Corp., England (1905), 1 King's Bench, 387; exertion in ejecting drunken man from premises.

Sunstroke was thoroughly considered in Sinclair v. Maritime Pass. Assur. Co., 3 Ellis & Ellis, 478; Dozier v. Fid. & Cas. Co., 46 Fed. Repr. 446; Bryant et al. v. Continental Cas. Co., 145 S. W. Repr. 636, and it was held (a) That sunstroke is a disease; (b) that such a disease is not effected by accidental means when it is sustained by an insured when he is doing just what he intends to do in the way intended.

There is no liability under a policy insuring against

death caused solely by injuries effected through accidental means where it appears or is contended that the insured died from the disease of sunstroke acquired while going about his usual duties in the ordinary way in the same manner that a man may acquire any of the infinite number of diseases to which human flesh is heir while engaged in his ordinary occupation.

We think it is perhaps permissible to say, although that fact does not appear in the record, that the special sunstroke clause relied upon in the second portion of appellant's argument was inserted to comply with the demand of the insurance commissioners.  The appellee company is not chartered or licensed to do the business of life insurance.  It had at one time inserted in its policies a clause agreeing to pay for sunstroke without the qualification that such sunstroke must be due to accidental means.  The commissioners held that by insuring against sunstroke generally without the qualification just stated, the company would be insuring against death from disease not brought about by accident, which would in effect be doing the business of life insurance. We were, therefore, obliged to modify the sunstroke clause, in order to insure against sunstroke at all, by providing specifically that we would only pay for death from sunstroke effected by accidental means.

The court will not rewrite the contract: Farner v. Mass. Mut. Acc. Assn., 219 Pa. 71; Humphreys v. Benefit Assn., 139 Pa. 214; Hubbard v. Mutual Acc. Assn., 98 Fed. Repr. 930; Hastings v. Travelers' Ins. Co., 190 Fed. Repr. 258.

OPINION BY HENDERSON, J., March 12, 1914:

The policy of insurance issued by the defendant to the husband of the plaintiff contained two clauses which determine the extent of the liability of the company and which give rise to the pending dispute.  Part 1 provides as follows: "If the insured while this policy is in force shall receive personal bodily injury . . . . which is ef-

fected directly and independently of all other causes through external, violent and purely accidental means and which causes at once and continuously after the accident total inability to engage in any and every labor or occupation the company will pay indemnity for loss of life, limb, limbs, sight or time resulting therefrom." Section A of part 6 is in the following terms: "If sunstroke, freezing or hydrophobia due in either case to external, violent and accidental means shall result independently of all other causes in the death of the insured within ninety days from date of exposure or infection the company will pay said principal sum as indemnity for loss of life." The insured was employed as a section man on a railroad and was so engaged on July 5, 1911, when he became sick and shortly afterward on the same day died. The day was very warm as were the two preceding days and the plaintiff alleges that her husband died from sunstroke. The only evidence as to the cause of death was the statement of the physician, accompanying the proof of loss, that the insured died from sunstroke. The defendant is not a general life insurance company; it is an accident insurance company and as appears from the terms of its policy only undertakes to insure against death or injury effected directly and independently of all other causes through external, violent and purely accidental means. Its insurance is not against all bodily injuries nor against death from sudden and unanticipated diseases. The words of the policy limit the extent of the risk to the special circumstances and conditions therein described. It was the obvious purpose not to assume responsibility for every physical misfortune occurring suddenly or unexpectedly. Every disease is unexpected to the sufferer and in a sense happens by chance, but it was not this wide class of cases which the company was to cover by its policy. The distinction between casualty insurance and life insurance is well known, the risk in the case of the life insurance company being fixed and definite ex-

cept as to the time when the liability shall occur while in the case of the accident company the responsibility is contingent and may never arise. The rights of the insured and the liability of the insurer are measured by the terms of the contract and to that, resort must be had to ascertain the validity of the plaintiff's claim. What the defendant undertook to do was to insure against "personal bodily injury." The risk assumed relates to such injuries as are effected directly and independently of all other causes through external, violent and purely accidental means and in the case of sunstroke, freezing or hydrophobia when the injury is due to external, violent and accidental means independent of all other causes. The plaintiff assumes the burden, therefore, of showing that her husband died from sunstroke and that this was effected through external, violent and purely accidental means. Assuming that the proof of the cause of death is sufficient the verdict could only be sustained by the determination of the court that sunstroke was purely accidental and not a disease. That it is a result of exposure to extreme heat is a matter of general knowledge as is freezing the result of exposure to extreme cold, but it does not necessarily follow that the injury is accidental in either case. Voluntary exposure to heat or cold with a knowledge of the existing conditions and action by the insured in an intended and ordinary manner under such circumstances resulting in bodily injury does not present a state of facts on which the court can with confidence declare that such injury was effected by accidental means although the injury was accidental in that it was not designed nor anticipated. Many cases hold that the element of "accident" in the ordinary and popular understanding of that term must exist in order to support an action on a policy insuring against injury effected through accidental means although the injury was not designed nor anticipated: Cobb v. Pref. Mu. Acc. Assn., 96 Ga. 818; Schmid v. Ind. Trav. Acc. Assn., 42 Ind. App. 483; Shanberg v. Fid. &

Cas. Co., 158 Fed. Repr. 1; Westmoreland v. Pref. Acc. Ins. Co., 75 Fed. Repr. 244; Southard v. Ry. Pass. Assur. Co., 34 Conn. 574; Moore v. Ill. Com. Mens Assn., 166 Ill. App. 38; Carnes v. Ia. Trav. Mens Assn., 106 Ia. 281; Travelers Ins. Co. v. Selden, 78 Fed. Repr. 285, are some of the cases supporting this view. These cases and many others which might be cited accord with the popular understanding of accidental means as the cause of a physical injury. The question whether sunstroke is an injury occurring through accidental means as related to an insurance contract has been directly considered in three cases to which our attention has been called. In one of these, Bryant et al. v. Continental Cas. Co., 145 S. W. Repr. 636, the policy contained the same language used in the contract before us. The insured was in business in the city of Houston, Texas; in the prosecution of his business he was prostrated by heat and died from that exposure; the insured was engaged in his usual vocation and nothing was disclosed to show that he was subjected to the action of the sun's rays or the heat by reason of any accidental or fortuitous circumstance; for reasons not disclosed he was unable to endure the severe heat. It was accordingly held that his death from that cause alone unaccompanied by accident in bringing it about was not insured against. In another case, Dozier v. Fid. & Cas. Co., 46 Fed. Repr. 446, the court entertained the same view and held that a declaration setting forth the cause of action from which it did not appear that the sunstroke or heat prostration was brought about by some concurring accident did not disclose a cause of action under the policy which insured against bodily injury sustained through accidental means. An English case, Sinclair v. Assurance Co., 3 El. & El. 478, contains a discussion of the relation of the accident clause in a policy to sunstroke and holds that such an injury is a disease and not covered by the insurance contract. The reasoning in these cases is persuasive and accords with the general understanding of the term "injury by ac-

cidental means." It is not sufficient to show that a bodily injury was received—that of course is necessarily involved in a case of sunstroke—but that fact must be followed with evidence that the injury was brought about by accidental means. That injury from sunstroke was not intended to be included in the liability assumed under part 1 of the contract is evident from paragraph A of part 6 where special provision is made in regard to sunstroke occurring under certain circumstances. If the intention had been to include injuries of this class in the general risk there would have been no occasion for the provision contained in paragraph A of part 6. There was manifestly an intention to make the policy cover cases of sunstroke, freezing and hydrophobia only when some accident was the means of the injury. The learned counsel for the appellant relies on North American Life & Acc. Ins. Co. v. Burroughs, 69 Pa. 43, as an authority supporting the position contended for by the appellant. An examination of the facts of that case shows, however, that the injury was the result of an accident. The insured was working in a hayfield when the handle of a pitchfork slipped through his hands and injured his abdomen. The policy covered the case of death in consequence of accident. The defense to the action was that the insured died from peritonitis. The court left it to the jury to find whether the insured came to his death as the result of a blow from the handle of the pitchfork with the instruction that if they so found, their verdict should be for the plaintiff. This instruction was sustained on the appeal. It will be noted that the terms of the policy are not the same as in the pending case, and a consideration of the cause of the injury makes it clear that the insured lost his life by accidental means. The case is not an authority, therefore, to support the construction of the contract contended for. The case of Ismay, Imrie & Co. v. Williamson, L. R. (1908), A. C. 437, cited in behalf of the appellant, arose under the act of Parliament of 1906, providing compensation for injured

employees.  This act gives compensation to a workman who sustains "personal injury by accident arising out of and in the course of the employment."  A workman in the stokehole of a steamship was overcome by heat. This was held to be an accident arising out of the employment.  The difference between the terms and objects of the act referred to and the provisions of the insurance contract under consideration are plain and show an intention on the one hand to make liberal provision in favor of an injured employee and the intention on the part of the insuring company to distinctly and specifically limit its liability to occurrences purely accidental.  There was also a provision in the English statute that certain diseases incident to the occupation of employees were to be considered as accidents and this evidently influenced the judgment of the court in arriving at the conclusion expressed in the case cited.

It is also claimed that if part 1 of the policy does not cover the plaintiff's case the provision of part 6 with reference to sunstroke may be applied and that it must be construed as covering every case of sunstroke if it have meaning or force at all.  It cannot be doubted that the sunstroke clause was intended to apply to a particular class of sunstrokes.  The learned counsel for the appellant claims that no such class exists or is so exceptionally rare as to be negligible in the contemplation of an insurance company, but this we think is not a sufficient reason for giving it the construction contended for.  We cannot say that there may not be cases of sunstroke and freezing resulting from accidental means. It is easy to see that one might perish from freezing as the result of a shipwreck or by exposure to a storm to which one might be subjected by reason of an accident, and it is not improbable, certainly not impossible, that a person might be subjected to sunstroke because of exposure brought about by an accident.  We cannot rewrite the contract for the parties and cannot determine from any fact disclosed at the trial that conditions might not arise

to which this provision of the policy would be applicable. After a careful consideration of the case and of the able argument of the counsel for the appellant we are of the opinion that the conclusion of the learned trial judge on the rule for judgment non obstante veredicto is correct.

The judgment is affirmed.