Clancy *v*. Booth & Flinn Co. et al., Appellants.

Argued April 24, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Robert A. Applegate,* and with him *Rose & Eichenauer,* for appellants.—There having been nothing accidental in decedent's exposure to the sun and his sun stroke having been suffered after he was through work for the day, he did not sustain an accident in the course of his employment: Nickman v. New York Life Insurance Co., 39 Federal (2nd) 763; Lacey v. Washburn & Williams Co., 309 Pa. 574.

*Daniel F. McCarthy,* and with him *James J. Burns, Jr.,* for appellee, cited: Gausman v. Pearson Company, 284 Pa. 349; Lane v. Horn & Hardart, 261 Pa. 329.

OPINION BY TREXLER, P. J., July 14, 1933:

This is a workman's compensation case. Thomas Clancy, upon whose death the claim is founded, left home in apparently good health at seven o'clock in the morning and with other workmen began digging a ditch, and was exposed continuously to the rays of the sun upon what was the hottest day of the year, the thermometer registering 97 degrees. He was employed by Booth & Flinn Company who with the insurance carrier are the defendants. His regular quitting time was 5:30 P. M., but the job having been completed, the workmen were discharged earlier. There is some evidence that the claimant's decedent left before the other workmen. He had a street car pass in his hand, when seen after he left work, and apparently intending to board a street car the decedent walked toward the street car stop which was directly across from the tool box used in connection with the job. He was walking unsteadily, and the observer thought he was intoxicated, although an examination of the man at the hospital negatived that supposition. When asked, by the fellow-workman, where he was going, the decedent replied he was going home. Evidently changing his intention of boarding the street car, or presumably con-

fused, he proceeded along the street, and was found unconscious at the corner of a street a few blocks away from where he worked. He never regained consciousness. The appellants strenuously argue that the claimant's decedent having been stricken an appreciable time after he left work for the day and while he was walking along the street "the accident" did not occur in the course of his employment.

A sunstroke is a compensable accident. In this state this is no longer an open question. The position taken by the appellants seems to be that the actual "stroke," so-called, causing complete collapse, must occur in the course of employment, and that when the employe stops working, whatever happens thereafter, cannot be made the subject of compensation. Surely if this man had left the trench where he was working and gone a few feet and collapsed, one would hardly be able, with any show of reason, to argue that his accident did not occur during his employment, although what may be called its culmination did not occur until a short period of time had intervened. Following the same line of thought, when the workman, in this present case, left work and succumbed a few blocks away, and in the meanwhile for a portion of the distance, which he traversed, staggered so, as already stated, that his fellow-workman thought he was intoxicated, we think it was a reasonable deduction that he was stricken at work, and that the loss of consciousness and subsequent death were attributable to the prostration occurring during his employment. If he had been affected while working, but not entirely disabled, and had been taken to a hospital and died, the fact that the death occurred at a place other than the one where he worked, would not have defeated recovery. It was shown that the heat stroke or prostration was the direct or superinducing cause of the death, and that is all that is required to sustain

claimant's case. Dr. Ingram testified, "The termination of the sun-stroke was his death in the hospital. The beginning of that sun-stroke was sometime during that day."

We all agree that there was sufficient testimony to sustain the award of compensation.

The judgment of the lower court is affirmed. Appellants to pay the costs.