MATHILDA KANSCHEIT, ADMINISTRATRIX, APPELLEE, V.
GARRETT LAUNDRY COMPANY ET AL., APPELLANTS.

FILED OCTOBER 13, 1917. No. 20125.

1. **Master and Servant:** EMPLOYERS' LIABILITY ACT: ACCIDENT. The
evidence examined, and found to support the judgment of the
district court, and to show that an accident happened to the de-
ceased such as is described in section 3693, Rev. St. 1913.

2. **Appeal:** CONFLICTING EVIDENCE. Where there is a conflict in the
evidence as to whether the disability of the plaintiff's decedent
was caused by accident, the finding and judgment of the dis-
trict court will not be disturbed unless clearly wrong.

APPEAL from the district court for Douglas county:
GEORGE A. DAY, JUDGE. *Affirmed.*

*John G. Kuhn,* for appellants.

*Benjamin S. Baker* and *A. B. Jaquith, contra.*

HAMER, J.

This action was brought in the district court for
Douglas county under the employers' liability act (Laws
1913, ch. 198) to recover compensation because of the
death of plaintiff's decedent, Charles F. Kanscheit. The
trial court found that the death of the decedent was
due to an accident.

The attending physician, Dr. Porter, saw the deceased
very shortly after he suffered a heat stroke. He had
known Mr. Kanscheit for about ten years. He knew
his physical condition and his habits. He testified that
the cause of his death was heat stroke. He defined heat
stroke as the result of excessive heat, and that it caused
the paralysis of certain centers controlling the organ-
ization of the body. The immediate cause of his decease
he said was respiratory death; that it was caused by
paralysis of the center of respiration. He testified that the
deceased lived about an hour after he went to see him;
that he took his pulse and his respiration and his tempera-

ture; that he saw no evidence of intoxication; that there was nothing to indicate it. When asked if overheat was a disease or an accident, he said he would call it an accident. He thought that the heat rays that caused the death might be external violence.

Dr. George A. Young testified that one has a heat stroke when it is hot and where there is artificial heat such as is found in a laundry. He gave it as his opinion that the death was caused. by accident. He testified that heat stroke is generally recognized as an accident. He testified an accident to be an occurrence which happens suddenly and coming apparently from some outside agency; that it produces some pathological change in the body. There was a judgment for the plaintiff in the sum of $10 a week for 350 weeks, and for $100 as compensation for the expenses of the burial of the deceased.

It is contended that the deceased did not die because of any accident, and that he died of intoxication, and that his death was not due to anything within the course of his employment, but that it was due to disease, whether it was heat prostration or whatever it might have been. The evidence showed that he had been in the employ of the laundry company for about 15 years. The appellant claims that the death of the deceased was not due to an accident as defined by the employers' liability act; that the court erred in holding that the prostration and death was not due to a disease; and also erred in holding that the cause of the death arose out of and in the course of the deceased's employment. It was also claimed that there was error because the court failed to hold that the deceased was not in a state of intoxication at the time of his prostration and death. Section 3693, Rev. St. 1913, is quoted by counsel for appellant, and it is contended that the statute does not cover workmen, except while they are engaged in or about the premises where their duties are being performed, or where their service requires their presence as a part of such services at the time of the injury and during the hours of service as such workmen. Several doctors appear to have testi-

fied. There seems to have been little controversy about the fact that death was unexpected. There was testimony tending to show that the malady which caused the death of the deceased did not come suddenly and with violence, but that it was incubating prior to the date of his death, and that he complained for several days of not feeling well and being sick. It is strenuously contended that there was no evidence of an accident as an accident is usually understood. There was a strong effort made to show that the testimony of those witnesses who said that the death was due to heat stroke was probably wrong, and that the symptoms of certain other diseases were very similar to heat stroke.

The trial judge saw these witnesses as they testified and had an opportunity to judge of the credibility of the evidence which was offered. An examination of the evidence shows that there was some conflict. It was for the court to pass upon this testimony.

In *Manning v. Pomerene, ante*, p. 127, we held that the judgment of the district court in favor of the plaintiff and against the employer should be sustained, and also held that the injury received was due to an accident. It was also held that such an accident had happened as was described in section 3693, Rev. St. 1913; and that where there was a conflict as to whether the disability of the plaintiff's decedent was caused by the accident, and there was sufficient testimony to that effect, the finding of the district court would not be disturbed. That the finding and judgment of the district court would not be disturbed unless it was clearly wrong was held in *Miller v. Morris & Co., ante*, p. 169.

In view of the statute and the decisions referred to, we do not see our way clear to set aside the finding and judgment of the district court. The judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.