# Lane v. Horn & Hardart Baking Co., Appellant.

*Workmen's compensation law—Heat prostration—Death—"Accident" in course of employment—Occupational diseases—Act of June 2, 1915, P. L. 736—Practice, Supreme Court—Appeals.*

1. The term "personal injury" in the Workmen's Compensation Law of 1915 is confined to injuries of accidental origin and such diseases as naturally result therefrom, and must be held to include

any form of bodily harm or incapacity, accidentally caused by either external violence or physical force. The injury need not arise out of, but must be the result of, an accident in the course of, the employment, in order to come within the terms of the act.

2. A stroke by lightning, a stroke from the direct rays of the sun, a heat stroke or heat prostration, are untoward, unexpected mishaps and accidental injuries within the meaning of the Workmen's Compensation Act. It is immaterial whether the heat prostration is produced by artificial heat or by natural heat of the sun, directly or through the heated atmosphere, if the exhaustion comes from heat in the course of employment.

3. Where a workman was overcome by heat while employed at defendant's lunch counter and died within two hours his widow is entitled to compensation.

4. An "accident" is an event which takes place without one's foresight or expectation but as a casual or fortuitous occurrence.

5. Wherever death is mentioned in the Workmen's Compensation Law of 1915 it means death resulting only from unforeseen violence to the physical structure of the body and its resultant effects, in other words, death from an accident happening in the course of the deceased person's employment, as distinguished from either ordinary or occupational diseases developed during the course of such employment, the latter not being within the contemplation of the act.

6. Where the facts on which a claim for compensation is based have been agreed upon and the case has been appealed to the Common Pleas Court and subsequently to the Supreme Court, the agreement should be brought upon the record before the Supreme Court.

Argued March 25, 1918. Appeal, No. 346, Jan. T., 1917, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1917, No. 5224, affirming decision of the Workmen's Compensation Board, allowing claim, in case of Mary Lane v. Horn & Hardart Baking Co. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Appeal from Workmen's Compensation Board. Before BARRATT, P. J.

The opinion of the Supreme Court states the facts.

The court affirmed the decision of the Workmen's Compensation Board. Defendant appealed.

*Error assigned* was, inter alia, the order of the court.

*Alfred D. Wiler,* for appellant.—As a general rule, injuries which are suffered from so-called "acts of God," such as sunstroke, freezing, lightning, etc., do not arise out of the employment of an injured employee, for the reason that such casualties are risks which the whole citizenry takes: Fensler v. Associated Supply Co., 1 Cal. Ind. Acc. Comm. 447; Young v. Northern California Power Co., 1 Cal. Ind. Acc. Comm. 88; Laspada v. Public Service Ry. Co., 38 N. J. L. J. 102; Burke v. Ballantine & Sons, 38 N. J. Law J. 105; Zoler v. American Steel & Wire Co., Ill. Ind. Bd., 1915, 12 Neg. & Com. C. 319; Mooney v. Illinois Steel Co., Ill. Ind. Bd., No. 740, 12 Neg. & Com. C. 321; Tank v. City of Milwaukee, 3 Ann. Rep. Wis. Ind. Comm. 80.

*Louis Levinson,* for appellee.—By injury the act contemplates violence to the physical structure of the body: Smith v. General Crushed Stone Co., 2 Dept. Rep. 1022; Ress v. Youngstown Sheet and Table Co., 1 Bull. Ohio Ind. Comm. 194; In re Huebner, Ohio Ind. Comm. No. 108, 515.

The cases clearly show that heat stroke is an accident as contemplated by the various compensation acts: Boardman v. Scott & Whitworth et al., 85 Law Times 502; Lord Macnaughten in Fenton v. Thorley & Co., 19 T. L. R. 684; Ismay, Imrie & Co. v. Williamson, Law Reps. 1908, A. C. 437; Maskery v. The Lancashire Shipping Co., 7 B. W. C. C. 428; Andrew v. Failsworth Industrial Society, 90 L. T. 611; Pack v. Prudential Casualty Co., 170 Ky. 47; Com. Traveler's Assn. v. London Guarantee, Etc., Co., 10 Manitoba Rep. 537; Case of Murray, Op. Sol. Dep. C. & L. P. 201.

The injury was sustained in the "course of employment" of deceased: Fensler v. Associated Supply Co., 1 Cal. Ind. Acc. Comm. 447; Young v. Northern Cal. Power Co., 1 Cal. Ind. Acc. Comm. 88; Laspada v. Pub-

lic Service Ry. Co., 38 N. J. L. J. 102; Burke v. Ballantine, 38 N. J. L. J. 105; Mooney v. Illinois Steel Co., Ill. Ind. Bd. No. 740, 12 Neg. & Com. C. 321; Zoler v. American Steel Co., Ill. Ind. Bd. 1915, 12 Neg. & Com. C. 319; Mary Tomazezki v. Carnegie Steel Co., 2 Dep. Rep. 2176; Dorrance v. New England Pin Co., Conn. Superior Court, 1 Nat. Comp. Journ. 23; In re McNicol, 215 Mass. 497; In re Patterson, Wilde & Co. and Employers' Liability Assur. Corp., Lim., 102 N. E. Rep. 697; Bryant v. Fissel, 86 Atl. Rep. 458; City of Milwaukee v. Miller et al., 144 N. W. 188.

Opinion by Mr. Justice Moschzisker, May 6, 1918:

Mary Lane claimed compensation, under the Act of June 2, 1915, P. L. 736, for the alleged accidental death of her husband, an employee of defendant; the claim was allowed by the Workmen's Compensation Board, and this decision was affirmed by the court below; defendant has appealed.

Upon the facts involved, Commissioner Scott says: "This case comes before the board on a petition for determination of compensation due the claimant under agreed facts. The statement of facts precludes any other cause of death than that of heat exhaustion or prostration due to the heated condition of the atmosphere. The claimant's deceased husband was overcome by heat while working at the defendant's lunch counter, on a hot August day in 1917, and died within two hours. There is nothing in the statement to show that [the temperature of] the place where the employee was working was hotter than the outside atmosphere, or that he was affected by different heat conditions than prevailed in the community at large."

On the governing rules of law, the commissioner correctly states: "The term 'personal injury' in our act is confined to injuries of accidental origin and such diseases as naturally result therefrom, and must be held to include any form of bodily harm or incapacity [accident-

ally] caused by [either] external violence or physical force......A stroke by lightning, a stroke from the direct rays of the sun, a heat stroke, or heat prostration, are untoward, unexpected mishaps and accidental injuries within the meaning of the act......It is immaterial whether the heat prostration is produced by artificial heat or by the natural heat of the sun, directly or through the heated atmosphere, if the exhaustion comes from heat in the course of employment."

In cases such as the one at bar, the character and cause of the injury must be considered in order to determine whether the results complained of are properly attributable to "accident" within the meaning of that term as used in the Act of June 2, 1915, P. L. 736, supra; for wherever death is mentioned in the statute, it means death resulting only from unforeseen violence to the physical structure of the body and its resultant effects (Section 301, P. L. 738), or, in other words, death from "an accident" happening in the course of the deceased person's employment, as distinguished from either ordinary or occupational disease developed during the course of such employment, these latter not being within contemplation of the act. This subject is fully discussed in McCauley v. Imperial Woolen Co., 261 Pa. 312.

The learned commissioner is not without authority in holding heat prostration, under circumstances such as those at bar, to fall within the meaning of the word "accident" as that term is employed in modern compensation legislation; and, we may add, as it is used in the law of insurance. In Ismay, Imrie & Co. v. Williamson, Law Rep. A. C. 1908, 437, 439, Lord Loreburn, speaking for the House of Lords, said: "This man died from an accident. What killed him was a heat stroke coming suddenly and unexpectedly upon him while at work. Such a stroke is an unusual effect of a known cause, often, no doubt, threatened, but generally averted by precautions, which experience, in this instance, had not taught. It was an unlooked for mishap in the course of

his employment. In common language, it was a case of accidental death." See also Maskery v. Lancashire Shipping Co., decided by the Court of Appeals, England, and reported in Butterworth's Workmen's Compensation Cases, Volume 7, pp. 428, 430, where the engineer on a steamship met his death from a heat stroke while crossing the Red sea. The contention of defendants was that they were not liable "because the Red sea is always very hot, and there was no special heat on that particular day more than people in the engine-room going through the Red sea would ordinarily be exposed to." In affirming an allowance of compensation, the court held that the Ismay case applied; and the opinion refers to the heat stroke as "an occurrence which was in its nature fortuitous." Andrew v. Failsworth Industrial Society, 90 Law Times Reports (new series), pp. 611, 612, involves death from a stroke of lightning; Pack v. Prudential Casualty Co., 170 Ky. 47, 55, death from sunstroke, and McGlinchey et al. v. Fidelity Casualty Co., 80 Me. 251, 253, death from fright—all held to be accidental; while N. W. Commercial Travelers' Assn. v. London Guarantee & Accident Co., 10 Manitoba Rep. (Queen's Bench) 537, holds death from frost to be within the terms "bodily injuries effected through external, violent and accidental means." Finally, N. A. Life & Accident Ins. Co. v. Burroughs, 69 Pa. 43, 51, a case where an assured strained himself while loading hay, defines "accident" as "an event that takes place without one's foresight or expectation......; an accident signifies happening by chance or unexpectedly,......casual [or] fortuitous." Of course, neither this last ruling nor any other of the insurance cases mentioned can be looked upon as governing the present compensation claim; but all are illustrative of the liberal views entertained by the courts as to the meaning of the term "accident" in determining liability for death or personal injury.

Section 422 of the Act of 1915, supra (P. L. 753), provides that the facts on which a claim for compensation

depends may be agreed upon, and, in that event, the "petition shall contain the agreed facts and shall be signed by all parties in interest." Section 425 (P. L. 754) provides that, on an appeal to the courts, such agreement shall be included in the transcript, or record, sent up for consideration. In the present instance the agreement itself has not been physically brought before us, as it should be, but the commissioner's findings are that the statement of facts contained therein "precludes any other cause of death than that of heat exhaustion or prostration, due to the heated condition of the atmosphere"; hence we must take it no organic weakness or occupational disease can be accounted the proximate cause of the death of claimant's husband, but the casualty was attributable solely to the unexpected and violent effect of the heat upon the physical structure of deceased's body; and this was properly held by the compensation board and the court below to be an accidental death within the meaning of the act.

Appellant's contention that "the whole intent of this legislation [compensation law] is based upon the theory that the employment in which the person is engaged is the proximate cause of the injury," is without merit. In this connection it is sufficient to call attention to Dzikowska v. Superior Steel Co., 259 Pa. 578, 581; there the deceased, during an intermission in his work, while waiting for material, struck a match for the purpose of lighting a cigarette, and, as a result, his clothing ignited and he was fatally burned. We sustained an award in favor of the widow, and said, inter alia: "In the compensation acts of some of the states, compensation is allowed only for injuries 'arising out of and in the course of his employment,' thus attaching two conditions to the right to recover. In the Pennsylvania statute, the words 'arising out of' do not appear; and we are, therefore, relieved from the necessity of considering the question whether in this case the accident arose out of, or was due to the character of, the employment. Under our statute com-

pensation is given for personal injury or death of an employee 'by an accident in the course of his employment.' "

In the present case, the court below rightly held that claimant's husband died from an accident happening in the course of his employment, within the meaning of the Act of 1915.

The assignments of error are overruled, and the judgment sustaining the allowance of compensation is affirmed.