## MARGARET AHERN *vs.* MORITZ SPIER (MORITZ SPIER'S APPEAL FROM COMPENSATION COMMISSIONER).

Third Judicial District, Bridgeport, October Term, 1918.

RORABACK, WHEELER, BEACH, GAGER and HAINES, Js.

Death resulting from sunstroke is a "personal injury" within the meaning of that expression as used in our Workmen's Compensation Act, for which compensation is recoverable if the injury was sustained by an employee and arose out of and in the course of his employment.

A personal injury to an employee which is sustained while he is doing what he was employed to do and as a proximate result thereof, "arises out of and in the course of" his employment.

An injury which is the natural and necessary incident of one's employment is proximately caused by such employment; as it is, also, when the employment carries with it a greater exposure to the injury sustained than the exposure to which persons generally in that locality are subjected.

The fact that an employee whose death was caused by sunstroke, was not exposed to the heat of the sun in greater degree than others in the same employment, or than many other out-of-door workers, is immaterial.

Argued October 31st—decided December 17th, 1918.

APPEAL by the defendant from a finding and award of the Compensation Commissioner of the third district in favor of the plaintiff, taken to and tried by the Superior Court in New Haven County, *Curtis, J.,* which affirmed the award of the Commissioner, and from this judgment the defendant appealed. *No error.*

*Robert C. Dickenson,* for the appellant (defendant).

*Charles S. Hamilton,* for the appellee (plaintiff).

WHEELER, J. The deceased, Ahern, on August 2d, 1917, was engaged in shoveling coal which had been dumped on the sides of a track located in a building

set about twenty feet from the ground, upon piers with driveways beneath. From the track to the peak of the roof, which was covered with tar paper, was about seventeen feet. The roof extended beyond the sides of the building leaving an open space between the sides and the roof, and at either end of the building at about the level of the track was a door.

The day was hot, as the three days preceding it had been, and one apt to cause sunstroke particularly in view of the fact that it had been preceded by very hot days. During the morning Ahern felt the effects of the heat, and at eleven o'clock in the forenoon he 'collapsed as a result of the heat; and at all times after the collapse he had a very high temperature, and on the same day he died from sunstroke, or thermic fever. Sunstroke generally comes on during a prolonged period of heat, and is caused by a disturbance of that portion of the brain controlling the regulation of heat in the human body.

The employment of Ahern did not expose him in a substantially greater degree to heat and the effects of the sun than others in the same employment, and than many other out-of-door workers were exposed. But the exposure in this employment was far greater than the exposure of the community, and the risk to Ahern from heat and the effects of the sun was substantially greater than that of the community. The foregoing facts are a part of the finding.

The appeal raises two questions: (1) Whether death from sunstroke is a death from compensable injury? (2) Whether Ahern was exposed to such risk as to make the results thereof compensable?

The first question depends upon whether Ahern sustained a "personal injury" within the meaning of the Workmen's Compensation Act. In *Linnane* v. *Aetna Brewing Co.*, 91 Conn. 158, 162, 99 Atl. 507, we

said that the effect of the *Miller* case (90 Conn. 349, 97 Atl. 345) and the *Larke* case (90 Conn. 303, 97 Atl. 320) together, is that "personal injury," within the meaning of the statute, is a bodily injury due to accident. We there defined "an accidental bodily injury . . . as a localized abnormal condition of the living body directly and contemporaneously caused by accident; and an accident . . . as an unlooked-for mishap or an untoward event or condition not expected." And we said: "The concurrence of accident and injury is a condition precedent to the right to compensation."

The finding of the trial court is entirely clear. The sunstroke paralyzed a definite portion of Ahern's brain so that it no longer discharged its proper function in connection with the distribution of heat in his body; as a consequence, his temperature rapidly rose, and death shortly resulted in accordance with the ordinary progress of such a disturbance of the brain. This finding points out a bodily harm and incapacity to Ahern, and indicates a localized, abnormal condition of body. It brings the sunstroke directly within our definition of a personal injury under the Act. *Linnane v. Aetna Brewing Co.*, 91 Conn. 158, 162, 99 Atl. 507.

The memorandum of the Commissioner, which is made a part of his finding, recites: "In sunstroke there is either an instant of time when it may be said with practical certainty that the change has taken place, or at most it is attributable to a short period of time. . . . There is a moment of time when the change from the normal to the abnormal takes place, when the portion of the brain involved becomes so changed that it no longer functions properly and when it can no longer control the heat distribution." This untoward event or unexpected condition under which Ahern's work was carried on, therefore, constituted an accident

which directly and contemporaneously caused this localized, abnormal condition.

We conclude that under the authority of our decisions Ahern's death from sunstroke was a compensable injury.

The second question, whether Ahern was exposed to such risk as to make the results thereof compensable, is determined by ascertaining whether the sunstroke arose in the course of and out of his employment. It clearly appears that he was doing what he was employed to do when he was stricken, hence the sunstroke did occur in the course of his employment. "An injury 'arises out of' an employment when it occurs in the course of the employment and as a proximate result of it." *Larke* v. *Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 97 Atl. 320. An employment will be a proximate cause of an injury, when the injury is the natural and necessary incident of the employment, or when the employment brings with it greater exposure to injurious results than the exposure to which persons generally in that locality are subjected, and such injurious result occurs in the course of the employment. *Larke* v. *Hancock Life Ins. Co., supra.*

The finding explicitly brings this case within this rule. It does appear that the sunstroke was an incident of Ahern's employment; and that his exposure and risk to sunstroke in this employment was far greater than that of the rest of the community. This is the final test applied by us in the *Larke* case. That Ahern was not exposed to sunstroke in greater degree than others in the same employment, and than many other out-of-door workers, we hold to be immaterial, as we did in the *Larke* case.

There is no error.

In this opinion the other judges concurred.