MARGARET CUNNINGHAM vs. JOHN F. DONOVAN ET AL.

Third Judicial District, New Haven, January Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

Death of an employee from sunstroke is a "personal injury" within
    the meaning of those words in our Workmen's Compensation Act.
Such an injury "arises out of and in the course of" one's employment,
    if that carries with it a risk from heat and the effects of the sun
    which is substantially greater than that of persons generally in
    the locality.
The employee in the present case was a teamster on a coal wagon,
    whose duty required him to shovel out the coal upon arriving at
    the place of its delivery, and this obliged him to work on a hot sum-
    mer's day where there was no shade and in the direct rays of the
    sun; and while so engaged he sustained a sunstroke from which
    he soon died. *Held* that the subordinate facts found warranted
    the conclusion reached by the Compensation Commissioner, that
    his exposure was far greater than that of persons generally in the
    community.

Submitted on briefs January 22d—decided February 19th, 1919.

APPEAL from an award of the Compensation Com-
missioner of the third district in favor of the plaintiff
for an alleged personal injury sustained by her husband
and caused by a so-called sunstroke, taken to and
tried by the Superior Court in New Haven County,
*Case, J.;* the court held the conclusion of the Commis-
sioner to be erroneous and vacated the award, and
from this judgment the plaintiff appealed. *Error and
judgment set aside.*

Robert Cunningham was employed by the defendant
Donovan as a teamster on a coal wagon, and, in con-
nection with that service, to assist in loading and un-
loading coal thereon and therefrom. About nine
o'clock in the forenoon of August 1st, 1917, he left
his employer's yard with a wagon containing two tons
of coal for the purpose of making delivery of it at a

point about a mile distant. The day was an excessively hot one, as had been several days immediately preceding. Upon his arrival at the place of delivery he rested a few minutes and then began to shovel out the coal. There was no shade at the point where the wagon was standing, and the direct rays of the sun beat upon him as he worked. Between ten and eleven o'clock, when he had already shoveled out about half of his load, he was overcome by the heat, got out of the wagon and laid down upon the grass beside it. After lying there a few minutes he got up, staggered through the next yard and, after proceeding a few hundred feet, collapsed, stricken with a heat or sunstroke. Later in the same day he died therefrom.

Heatstroke or sunstroke, as it is also called, is caused by a disturbance of the portion of the brain controlling the regulation of heat in the human body. Cunningham's employment did not expose him in a substantially greater degree to heat and the effects of the sun, than that to which others in the same employment were exposed, and did not expose him in a greater degree than many other out-of-door workers were exposed. His exposure in his employment was, however, far greater than the exposure of the community, and the risk to him from heat and the effects of the sun were substantially greater than that of the community.

*Thomas P. Dunne* and *Arthur B. O'Brien,* for the appellants (plaintiff).

*Philip Pond* and *William H. Hitchings,* for the appellees (defendants).

Prentice, C. J. Upon the hearing before the Commissioner two controlling inquiries were presented, upon both of which the defendants contended for a

negative reply, to wit: (1) Did the deceased, in succumbing to a heat or sunstroke, suffer a personal injury within the meaning of our Workmen's Compensation Act; and (2) if so, did that injury arise out of his employment?

Before us, defendants' counsel abandoned their contention as to the first of these inquiries, and conceded that under our recent decision in *Ahern* v. *Spier*, *ante*, p. 151, 105 Atl. 340, the Commissioner was not in error in his conclusion that the deceased received a personal injury within the meaning of the statute.

Their second claim, that the injury did not arise out of his employment, which the court below sustained, was, however, strenuously pursued. The principles applicable in determining whether or not an employee's injury is to be regarded as arising out of his employment, were fully discussed and declared in *Larke* v. *Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 97 Atl. 320. There, speaking generally, we said (p. 309) that "if the nature of the employment, or the conditions under which it was pursued, or the exposure to injury it entailed, or the doing of something incidental to the employment, was a proximate cause of the injury, it arises out of the employment." Speaking more specifically upon the subject of exposure as a factor in determining whether a resulting injury is to be regarded as arising out of the injured person's employment, we said that the test was to be found in the answer to the inquiry whether or not the employee was injured as a result of a greater exposure to the cause of injury than that to which persons generally in that locality were subjected. p. 309. In *Ahern* v. *Spier*, *ante*, p. 151, 105 Atl. 340, we reiterated the same principle in substance, when we said that "an employment will be the proximate cause of an injury, when the injury is the natural and necessary incident of the

employment, or when the employment brings with it greater exposure to injurious results than the exposure to which persons generally in that locality are subjected, and such injurious result occurs in the course of that employment."

The Commissioner's finding in the present case is that the deceased's exposure was far greater than that of the community generally, and the risk from heat and the effects of the sun substantially greater than that of the community. Applying the prescribed test to these facts as found, the right of the claimant to receive an award of compensation is established, if the finding is to stand.

The reasons why it should not stand are not apparent to us. Conditions indicative of the deceased's special exposure to risk from the effects of the sun and heat are not, to be sure, as pronounced as they were in the case of the heat victim in *Ahern* v. *Spier, ante,* p. 151, 105 Atl. 340. But the subordinate facts found plainly disclose the existence of such conditions. Cunningham, at the time he was overcome, was engaged in shoveling coal, a task alike strenuous and well calculated to aggravate the normal effect of a superheated atmosphere and the rays of a hot sun. He was shoveling coal from a wagon which presumably from its use was blackened with coal dust and, therefore, especially attractive to the sun's rays. As he was shoveling he necessarily disturbed the coal, thus presumably discharging into the air he breathed more or less dust. It is apparent, therefore, that his employment differentiated his exposure to physical harm from that to which the members of the community generally were exposed. The peril which he faced was made up not merely of the conditions produced by the heat and the rays of the sun beating down upon him, but of those conditions plus those other aggravating ones which

attended the work which he was doing in the pursuit of his employment.

There is error, the judgment of the court setting aside the Commissioner's award is set aside and the cause remanded for the rendition of a judgment affirming the award of the Commissioner.

In this opinion the other judges concurred.