## TOWNSEND AND FREEMAN COMPANY *v.* TAGGART.

[No. 11,837.   Filed June 26, 1924.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.*—"*Accident*".—*Meaning of.*—*Statute.*—The word "acident", as used in §2 of the Workmen's Compensation Act, Acts 1917 p. 373, §8020m Burns' Supp. 1921, is used in its popular sense, and means any mishap or untoward event not expected or designed. p. 612.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.*—"*Accident*".—*Sunstroke.*—A sunstroke may be an accident within the meaning of the Workmen's Compensation Law. p. 612.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Sunstroke.*—*Accident Arising Out of Employment.*—A sunstroke may be an accident arising out of the employment, if, when it occurs, the employment exposed the employee to a hazard beyond that of the general public. p. 612.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Injury Arising Out of Employment.*—In a proceeding under the Workmen's Compensation Act for compensation for injuries by sunstroke, evidence *held* sufficient to show that injury arose out of claimant's employment. p. 613.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.—Sunstroke.—Judicial Knowledge Taken of Certain Conditions.—* In a proceeding under the Workmen's Compensation Act for sunstroke, in the absence of other evidence that his employment exposed the claimant to greater hazard than the general public, the court will take judicial knowledge that, on an extremely hot day, when the sun is shining brightly, it is warmer on a graveled roadway than in the surrounding country, and that the rider of one horse of a four-horse team hitched to a heavily loaded log-wagon, traveling at the rate of five miles in two and one-half hours, would receive heat from the horse he was riding, also from the other horses.    p. 613.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Hannibal P. Taggart, claimant, against the Townsend and Freeman Company, employer. From an award for claimant, the defendant appeals.   *Affirmed.*

*J. W. Hutchinson,* for appellant.
*John Rynerson,* for appellee.

REMY, J.—Appellee was employed by appellant to haul logs to appellant's saw mill located in the town of Nashville. On the morning of September 7, 1922, appellee and a fellow employee under the direction of appellant, left Nashville with two wagons, a four-horse team and a two-horse team, to haul logs from a place about five miles distant. Arriving at the place where they were to get the logs, they assisted each other in loading the wagons, appellee doing most of the work. The logs on the wagons, the two men, at about 9:30 o'clock, started to the mill, appellee in charge of the four horse team. In driving the five miles, appellee rode one of the horses a part of the time. The way to the mill was over a graveled road. The day was hot, the maximum temperature being one hundred degrees Fahrenheit, and the sun was shining brightly. Appellee had no protection from the sun. The teams moved slowly, and arrived at the mill about noon. Im-

mediately upon arrival, the teams were unhitched, and appellee rode one of the horses to a nearby barn. Just as he dismounted from the horse, appellee suffered a sunstroke which resulted in permanent disability.

From an award of compensation to appellee, this appeal is prosecuted.

The only question presented is whether, under the facts stated, and which were found by the Industrial Board, appellee's injury was an accident arising out of his employment. The word accident in §2 of the Workmen's Compensation Act (Acts 1917 p. 673, §8020m Burns' Supp. 1918) is used in its popular sense, and means any mishap or untoward event not expected or designed. *Haskell, etc., Car Co.* v. *Brown* (1917), 67 Ind. App. 178; *Fenton* v. *Thorley & Co., Ltd.* (1903), App. Cas. [1903] 443. Within the meaning of this definition, a sunstroke may be, and the sunstroke suffered by appellee was, an accidental injury. See, *Kanscheit* v. *Garrett Laundry Co.* (1917), 101 Nebr. 702, 164 N. W. 708; *Morgan* v. *Owners of Steamship Zenaida* (1909), 25 T. L. R. 446; *State, ex rel.,* v. *District Court* (1917), 138 Minn. 250, 164 N. W. 916, L. R. A. 1918F 918; *Ismay, Imrie & Co.* v. *Williamson* (1908), App. Cas. [1908] 437. See, also, *Elsey* v. *Fidelity, etc., Co.* (1918), 187 Ind. 447, L. R. A. 1918F 646, and cases cited.

1, 2.

It is earnestly contended by appellant, that even if the sunstroke suffered by appellee was an accidental injury, the award cannot be upheld for the reason that there is no evidence to support the finding of the board that it arose out of his employment. We cannot concur in this view.

If the employment of a workman at the time he received a sunstroke was such as would expose him to a hazard beyond that of the general public, then the disability resulting from the sunstroke

3.

will be regarded as due to an accident arising out of the employment. *Ahern* v. *Spier* (1918), 93 Conn. 151, 105 Atl. 340; *Cunningham* v. *Donovan* (1919), 93 Conn. 313, 105 Atl. 622; *Lane* v. *Horn & Hardart Baking Co.* (1918), 261 Pa. St. 329, 104 Atl. 615, 13 A. L. R. 963; *City of Joliet* v. *Industrial Commission* (1920), 291 Ill. 555, 126 N. E. 618; *Young* v. *Western Furniture & Mfg. Co.* (1917), 101 Nebr. 696, 164 N. W. 712, L. R. A. 1918B 1001; *Davies* v. *Gillespie* (1911), 28 T. L. R. 6, 105 L. R. 494; Artman's Workmen's Compensation Manual 42.

On the day appellee received the sunstroke, he did what, under his employment, he was required to do, and in the way he was required to do it. His 4, 5. work took him upon the graveled highway, where, with his team and wagon, he moved slowly, going a distance of five miles in about two and one-half hours, on one of the hottest days of the year, without protection from the sun's rays, and at least a part of the time seated upon a horse. Dr. Tilton, one of the witnesses at the hearing, testified that he was familiar with the road over which appellee traveled on the day he was stricken, and, as an expert, gave as his opinion that: "On a very warm day, as it was in September, with the sun shining on the pike, people traveling on it would be more exposed to the heat from the reflections from the pike than from the surrounding country, on account of the material it is built of. If this man was driving a team to a log wagon, having two mules and two horses, making two full teams, and was riding one of these, if he had been on the pike, I think it would make him more susceptible to the rays of the sun, he would be a good deal more exposed." In the absence of this evidence, the Industrial Board and this court would judicially know that, on a hot day, when the sun is shining brightly, it is warmer on a graveled road-

way than in the surrounding country.    Judicial knowledge would also be taken of the fact that the rider of one horse of a four-horse team would receive heat from the horse he was riding, and some heat from the other horses of the team.    Even that portion of the general public who might be traveling on the highway would be much better protected than a hauler of saw-logs traveling at the rate of five miles in two and one-half hours. On such a day, they would, for the most part, be in covered vehicles, and going fast enough to cause a breeze which would in a measure counteract the effect of the heat.

We are therefore constrained to hold that there is competent evidence tending to prove that the employment of appellee at the time he received the sunstroke was such as to expose him to a hazard beyond that of the general public, and that his disability which resulted from the sunstroke was due to an accident arising out of his employment.    See, Central Law Journal, May 5, 1924.

It follows that the finding of the Industrial Board was sustained by sufficient evidence.

Affirmed.

Enloe, C. J., dissents.