## Warr v. Dick Brothers, Inc.

*Negligence—Master and servant—Workmen's Compensation Act of June 2, 1915.*

In an action for damages resulting from personal injury, plaintiff declared that, while in the defendant's employ as a brass molder, he inhaled brass fumes; that for the purpose of relieving "cramps" of the stomach resulting from such inhalation he asked defendant's foreman to give him a solution of Jamaica ginger, which is a common remedy therefor; and that the foreman negligently prepared a solution made of iodine instead of ginger, which he gave to the plaintiff, who drank it to his great injury and damage. Defendant filed a statutory demurrer on the ground that plaintiff's statement showed that the case was within the provisions of the Workmen's Compensation Act of June 2, 1915, P. L. 736, and its amendments, and that the court had no jurisdiction: *Held*, that the case was within the act, and judgment for defendant.

Trespass. Statutory demurrer. C. P. Berks Co., Dec. T., 1923, No. 88.

*John P. Wanner*, for plaintiff; *J. Wilmer Fisher*, for defendant.

BERTOLET, J.—The plaintiff in his statement says that on July 6, 1922, while employed as a brass molder by the defendant he inhaled brass fumes, and that for the purpose of relieving "cramps" of the stomach resulting from such inhalation, he asked the defendant's foreman to give him a solution of

Warr v. Dick Brothers, Inc.

Jamaica ginger, which is a common remedy therefor; that the foreman negligently prepared a solution made of iodine instead of ginger, which he gave to the plaintiff, who drank it to his great injury and damage.

The statement claims that the injury was caused by the negligence and carelessness of the defendant, through its foreman. There is no allegation that it was caused by an act of a third person intended to injure the plaintiff because of reasons personal to himself.

The defendant in his affidavit of defence raises a question of law, averring that the plaintiff's statement shows that the case is within the provisions of the Workmen's Compensation Act of June 2, 1915, P. L. 736, and its amendments, and that this court has no jurisdiction of the cause.

The plaintiff gives three reasons why the case does not come within the scope of the Workmen's Compensation Act. They will be taken up in the order of their presentation:

1. What happened after the plaintiff had inhaled the fumes and went to the foreman for treatment was not in the course of his employment.

In Hale v. Savage Fire Brick Co., 75 Pa. Superior Ct. 454, it was held that the Compensation Act does not require that the employee should be actually engaged in his work when he is injured in order to make his injury compensable. It is there said that our statute does not require that the accident resulting in an injury "arise out of the employment," but only that it occur "in the course of the employment," and the case of a laborer injured, not while at work, but while eating his lunch on his employer's premises, was held to fall within the scope of the act. Another illustration of this is found in Dzikowska v. Superior Steel Co., 259 Pa. 578, where the employee, during an intermission in his work, struck a match to light a cigarette, and, as a result, his clothing ignited and he was burned.

It would seem, therefore, under the above authorities, that the accident, if it was an accident, which resulted in the injury to plaintiff's stomach, occurred "in the course of his employment."

2. The treatment of the plaintiff by the foreman was not in furtherance of the defendant's business.

Meucci v. Gallatin Coal Co., 279 Pa. 184, appears to negative this proposition. In that case the plaintiff was injured by the defendant's foreman, who struck him in a dispute over plaintiff's claim for labor performed. It was held that because the trouble had its origin in defendant's service, the injury was within the Compensation Act.

The injury resulting to the plaintiff in the instant case by reason of the act of the defendant's foreman quite clearly had its origin in the defendant's service, i. e., "in the furtherance of the business or affairs of" the plaintiff's employer.

3. The plaintiff's misfortune was not an injury by an accident within the meaning of the Compensation Act.

The term "injury" is defined in the act to mean "violence to the physical structure of the body," not, as was said in McCauley v. Imperial W. Co., 261 Pa. 312, 327, "injury to the physical structure of the body by external violence. The violence in question may originate . . . from other provable causes which effect a sudden change in the physical structure or tissues of the body, and still be within the Compensation Act. In short, if the incident which gives rise to the injurious results complained of can be classed properly as a 'mishap' or 'fortuitous' happening—an 'untoward event, which is not expected or designed'—it is an accident within the meaning of the Workmen's Compensation Law."

Warr v. Dick Brothers, Inc.

Thus, disease or infection from an anthrax germ entering the employee's body during the course of his employment (McCauley v. Imperial W. Co., 261 Pa. 312), heat prostration, whether caused by artificial heat or the heat of the sun (Land v. Horn & Hardart Baking Co., 261 Pa. 329), dermatitis, a disease contracted without cut or bruise while handling hides (Roller v. Drueding Bros. Co., 26 Dist. R. 85), have been held accidents within the meaning of the Compensation Act.

When applied to the statement of facts averred by the plaintiff in the case now under consideration, the foregoing authorities would appear to warrant the conclusion that the plaintiff's misfortune was such injury by an accident as is contemplated by the compensation laws.

The plaintiff having sustained an injury by an accident in the course of his employment and in the furtherance of the business or affairs of his employer, thus bringing him within the scope of the Workmen's Compensation Act, it follows that the question of law raised by the defendant's affidavit of defence must be and is decided in favor of the defendant, and judgment is accordingly entered against the plaintiff, without prejudice to his right to proceed in the proper forum.

From Wellington M. Bertolet, Reading, Pa.