## MARY A. PEARSON v. FORD MOTOR COMPANY.[1]

May 20, 1932.

No. 28,704.

[1]Reported in 242 N. W. 721.

*Doherty, Rumble, Bunn & Butler,* for relator.
*Joseph F. Cowern* and *John Christopherson,* for respondent.

DIBELL, J.

Certiorari on the relation of the Ford Motor Company to the industrial commission to review the award of compensation for the death of Victor E. Pearson, of whom Mary A. Pearson and her son, his stepson, were the beneficiaries.

The Ford company's claims are comprehended within the following:

(1) That the decedent did not come to his death by a heat stroke.

(2) That the actual and proximate cause of his death was an enlargement of the liver; and in connection therewith it claims chronic alcoholism.

(3) That if there was a heat stroke it was not an accident.

(4) That if an accident it did not arise out of his employment.

The findings of the commission negative these claims; and they sustain the claim of the beneficiaries that the decedent's death was "caused by accident, arising out of and in the course of employment." G. S. 1923 (1 Mason, 1927) § 4269.

■ The decedent had worked at the Ford plant for several years. He was in the glass department. The building was largely of glass. There was a furnace inside. The molten glass ran from the furnace into the annealing oven. The decedent worked at some distance from the furnace. His work was to carry, with another, plates of glass weighing 50 to 100 or 110 pounds a distance of 18 feet. The men wore leather wristlets, leather sleevelets, and cotton gloves to protect against the glass they carried. Shortly before seven o'clock in the morning of July 10, 1930, the decedent collapsed and died within an hour. His shift commenced at the midnight preceding. He was sick during the night. For the week ending July 6, 1930, he had been sick at home. It is conceded that on the tenth he might

better have been in a hospital than in the plant, and this because of his bodily condition. He was not ·fit to work.

Commencing July 5, 1930, and continuing until July 11, 1930, the weather was warm, averaging 86 degrees in the daytime and 77 degrees at night. About seven in the morning of the tenth the humidity was 83 degrees. The exact temperature at the decedent's place of work is not shown. It was warm.

Shortly before seven the decedent became irrational, was given attention at the first aid station in the plant, and collapsed and died as before stated. An autopsy was had. The consensus of opinion among the physicians was that he received and died from a heat stroke. The finding of the commission in accordance therewith is sustained.

■ The claim of the company that his death is to be referred to the diseased condition of his liver or other bodily ailment is now to be noted. Its contention is that the proximate cause of the employe's death was his diseased liver, coupled with some claim of alcoholism, and that compensation cannot be given for the results of a heat stroke for it was not a cause of his death.

The deceased had an enlargement of the liver to twice its normal size. He was more susceptible than otherwise he would have been to death from a heat stroke. The evidence did not require a finding of chronic alcoholism. There was evidence which is not disputed that he drank. Some of his associates did not know of it. His personal physician did not think he drank to excess—did not know that he drank at all, except by his admission. He understood only that he drank beer occasionally and did not think it hurt him. The claim of chronic alcoholism is without much foundation in the facts.

The company's pathologist gave the chief cause of the decedent's death as chronic alcoholism. He made a post-mortem examination and made a miscroscopic analysis of the liver. The autopsy disclosed some congestion of the brain. The evidence did not require a finding of chronic alcoholism nor a finding that a bad liver was the cause of death. Other physicians said, and there was a mass of medical testimony, that the condition of the decedent's liver, and

158

perhaps his general bad physical condition, made him susceptible to a stroke or contributed to a fatal result; but still put a heat stroke as the immediate cause.

An employer takes the employe as he is; and if a heat stroke was a contributing or immediate cause of the decedent's death, though his diseased bodily condition was a factor, compensation was due. Hogan v. Twin City A. T. Estate, 155 Minn. 199, 193 N. W. 122; Babich v. Oliver I. Min. Co. 157 Minn. 122, 195 N. W. 784, 202 N. W. 904; Klika v. Independent School Dist. No. 79, 166 Minn. 55, 207 N. W. 185; Walker v. Minnesota Steel Co. 167 Minn. 475, 209 N. W. 635; Valeri v. Village of Hibbing, 169 Minn. 241, 211 N. W. 8; Bauman v. Roth Downs Mfg. Co. 177 Minn. 98, 224 N. W. 459. It is enough that it is the immediate or inciting cause—that it hurried a result which was likely to come some time. See 6 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 10396-10397, 10406, and cases cited.

■ The workmen's compensation act defines accident as follows:

"The word 'accident' as used in the phrases 'personal injuries due to accident' or 'injuries or death caused by accident' in this act shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body." G. S. 1923 (1 Mason, 1927) § 4326(h).

A heat stroke sustained under the circumstances stated is properly found to be an accident under our decisions and under the holdings of other courts. State ex rel. Rau v. District Court, 138 Minn. 250, 164 N. W. 916, L. R. A. 1918F, 918; Kallgren v. C. W. Lundquist Co. 172 Minn. 489, 216 N. W. 241; Kanscheit v. Garrett Laundry Co. 101 Neb. 702, 164 N. W. 708; Lane v. Horn & Hardart B. Co. 261 Pa. 329, 104 A. 615, 13 A. L. R. 963; City of Joliet v. Ind. Comm. 291 Ill. 555, 126 N. E. 618; Walsh v. River Spinning Co. 41 R. I. 490, 103 A. 1025, 13 A. L. R. 956; Ahern v. Spier, 93 Conn. 151, 105 A. 340; Townsend & Freeman Co. v. Taggart, 81 Ind. App. 610, 144 N. E. 556; Ismay, Imrie & Co. v. Williamson [1908] A. C.

437; Davies v. Gillespie, 105 L. T. (N. S.) 494; Maskery v. Lancashire Shipping Co. Ltd. 7 B. W. C. C. 428. The finding of the commission that the heat stroke was an accident is sustained.

■ The injury came to the decedent as he was at his usual work. It was in the course of his employment. The conditions under which he worked were such that he was exposed to a heat stroke. A finding that the accident arose out of his employment is sustained. That the work or risk was common to all working in the glass department is not important or that it was not unlike that in many other employments. The risk was a necessary incident of this employment. Courts have not attempted generally to define the phrase "arising out of * * * employment" so as to make a mutually exclusive and inclusive definition. The determination must be left much to the facts of the particular case. Here the accident had a sufficient causal connection with the conditions of the employment and the risk attaching. See State ex rel. Peoples C. & I. Co. v. District Court, 129 Minn. 502, 153 N. W. 119, L. R. A. 1916A, 344; State ex rel. Puhlmann v. District Court, 137 Minn. 30, 162 N. W. 678; State ex rel. Rau v. District Court, 138 Minn. 250, 164 N. W. 916, L. R. A. 1918F, 918; Hansen v. N. W. Fuel Co. 144 Minn. 105, 174 N. W. 726; State ex rel. Va. & R. L. Co. v. District Court, 138 Minn. 131, 164 N. W. 585, L. R. A. 1918C, 116; State ex rel. Nelson v. District Court, 138 Minn. 260, 164 N. W. 917, L. R. A. 1918F, 921; Dunnigan v. Clinton Falls N. Co. 155 Minn. 286, 193 N. W. 466; Mooradjian's Case, 229 Mass. 521, 118 N. E. 951; Ahern v. Spier, 93 Conn. 151, 105 A. 340; Young v. Western F. & M. Co. 101 Neb. 696, 164 N. W. 712; Townsend & Freeman Co. v. Taggart, 81 Ind. App. 610, 144 N. E. 556; Skelly Oil Co. v. State Ind. Comm. 91 Okl. 194, 216 P. 933; 6 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 10404-10405, and cases cited.

An attorney's fee of $100 is allowed.

Order affirmed.