BAILEY *v.* HENRY KNAPP & CO.

1. WORKMEN'S COMPENSATION—HEATSTROKE.
    Heatstroke is not, in itself, an accidental injury within the workmen's compensation act.

2. SAME—PLASTERER'S HELPER—HEATSTROKE—WET SAND AND PLASTER—BOARD FENCE—ACCIDENT—INJURY ARISING OUT OF EMPLOYMENT.
    Plasterer's helper who suffered a fatal heatstroke while working with wet sand and plaster on first floor of store on two sides of which a board fence had been erected and which interfered with circulation of air on extremely warm and humid day in July *held*, not to have suffered an accidental injury within meaning of workmen's compensation act, such circumstances being insufficiently unusual or unexpected to do more than satisfy requirement that injury arise out of the employment (2 Comp. Laws 1929, § 8417).

Appeal from Department of Labor and Industry. Submitted April 6, 1938. (Docket No. 16, Calendar No. 39,892.) Decided June 6, 1938.

Ruby M. Bailey, widow, and dependent children presented their claim for compensation against Henry Knapp & Company, employer, and Maryland Casualty Company, insurer, for death of Robert S. Bailey while in defendant's employ. Award for defendants. Plaintiffs appeal. Affirmed.

*Pleasant I. Phillips,* for plaintiffs.

*Alexander, McCaslin & Cholette,* for defendants.

*Benjamin Marcus* and *Edith H. Marcus, amici curiæ.*

BUSHNELL, J. While working as a plasterer's helper, Robert Bailey, an employee of defendant Henry Knapp & Company, was overcome by the heat of an exceptionally hot day, July 14, 1936, and died 15 hours later. Knapp & Company were engaged in construction work in the city of Grand Rapids.

The records of the United States weather bureau for the day in question show a maximum temperature of 102 degrees and a relative humidity ranging from 33 to 74 per cent. At 1:45 p. m. the previous day the temperature reached an all time high of 107½ degrees.

The attending physician testified that "the immediate cause of this man's death was heat prostration brought on by exposure of excessive heat, increased humidity, a secondary cause being the weakened condition of his heart."

Bailey was working on the ground floor of a store building and was supplying plaster or mortar to plasterers working on a scaffold six feet from the ceiling of the store. Under these conditions, in addition to the unusual humidity of the air that day, there was considerable moisture because of the wet mixed plaster. Due to the nature of the construction work, a board fence had been erected in front of the store, which extended on the side of the building towards the rear. There were about eight plasterers and five helpers working on the job.

The deputy commissioner, after hearing the application of claim for compensation by Bailey's widow, held that the deceased had not suffered an accident and denied the claim. The department, upon review, said in its opinion:

"There is no showing that anything unusual happened in the course of deceased's employment on that particular day and there is no showing of any unusual exertion in connection with such work. The

record indicates that the above mentioned fence interfered somewhat with the circulation of the air within its confines and in the place where deceased was working, but we are not satisfied that such a, factor is sufficient to constitute the heat prostration an accidental injury within the scope of the workmen's compensation act.''

An order was entered affirming the award of the deputy and compensation was again denied.

Appellants contend that decedent's heatstroke was an accidental injury because the external conditions under which he worked, namely the blocking of the usual circulation of air by the fence and the increased humidity caused by the wet sand and plaster, created an ''unusual condition.''

Although we are mindful of the statutory differences in other jurisdictions, we have nevertheless examined the ''sunstroke'' and ''heat prostration'' decisions of other courts of last resort. Thirteen of these hold that sunstroke and heatstroke are ''accidents'' within the meaning of their compensation acts. *Ahern* v. *Spier*, 93 Conn. 151 (105 Atl. 340); *Jones* v. *American Mutual Liability Ins. Co.*, 45 Ga. App. 392 (165 S. E. 167) by inference; *Townsend & Freeman Co.* v. *Taggart*, 81 Ind. App. 610 (144 N. E. 556); *Hoag* v. *Kansas Independent Laundry Co.*, 113 Kan. 513 (215 Pac. 295) *dictum; State, ex rel. Rau,* v. *District Court of Ramsey County*, 138 Minn. 250 (164 N. W. 916, L. R. A. 1918 F, 918); *Kripplaben* v. *Joseph Greenspon's Sons Iron & Steel Co.*, 227 Mo. App. 161 (50 S. W. [2d] 752); *Matter of Hughes* v. *Trustees of St. Patrick's Cathedral*, 245 N. Y. 201 (156 N. E. 665); *Kanscheit* v. *Garret Laundry Co.*, 101 Neb. 702 (164 N. W. 708); *Skelly Oil Co.* v. *State Industrial Commission*, 91 Okla. 194 (216 Pac. 933); *Lobert & Klein* v. *Whitten*, 150 Okla. 72 (300 Pac. 636); *Cowan* v. *Watson*, 148 Okla.

14 (296 Pac. 974); *Lane* v. *Horn & Hardart Baking Co.,* 261 Pa. 329 (104 Atl. 615, 13 A. L. R. 963); *Walsh* v. *River Spinning Co.,* 41 R. I. 490 (103 Atl. 1025, 13 A. L. R. 956); *King* v. *Buckeye Cotton Oil Co.,* 155 Tenn. 491 (296 S. W. 3, 53 A. L. R. 1086); *Scivally* v. *Texas Employers' Ins. Ass'n* (Tex. Civ. App.), 77 S. W. (2d) 919. *Contra* are Kentucky, whose statute limits compensable diseases to those caused by traumatic accident. (See *Smith* v. *Standard Sanitary Mfg. Co.,* 211 Ky. 454 (277 S. W. 806), and perhaps Maryland, *Slacum* v. *Jolley,* 153 Md. 343 (138 Atl. 244). But see *State Roads Commission* v. *Reynolds,* 164 Md. 539 (165 Atl. 475).

However, we have held that heatstroke is not, in itself, an "accidental" injury. *Roach* v. *Kelsey Wheel Co.,* 200 Mich. 299; *Doyle* v. *City of Saginaw,* 258 Mich. 467, and *Bellinger* v. *Hersey Gravel Co.,* 267 Mich. 26. The stroke must be combined with unusual, unexpected circumstances in order to denominate it an accident. *Roach* v. *Kelsey Wheel Co., supra.* There is no showing in the instant record that the interference with the circulation of the air or the wetness of the sand were unusual or unexpected events; consequently there is no proof of the happening of an accident. At most, it may perhaps be true that, because of these factors, decedent was subjected to atmospheric conditions sufficiently different from those prevalent in the community at large to satisfy the requirement that the injury "arise out of" the employment.[*] See *Klawinski* v. *Railway Co.,* 185 Mich. 643 (L. R. A. 1916A, 342), and *Thier* v. *Widdifield,* 210 Mich. 355.

Appellants argue that the case of *LaVeck* v. *Parke, Davis & Co.,* 190 Mich. 604 (L. R. A. 1916D, 1277), is applicable and is authority for recovery in

[*] See 2 Comp. Laws 1929, § 8417 (Stat. Ann. § 17.151).—REPORTER.

the case at bar. Assuming that, despite our holdings in the *Roach, Doyle* and *Bellinger Cases, supra,* the *LaVeck Case* is still the law of this State, it is nevertheless distinguishable in that it there appeared that the employee was doing an unusually large amount of rush work at the time of his injury. See *Bellinger* v. *Hersey Gravel Co., supra,* 35.

The *Roach, Doyle* and *Bellinger Cases, supra,* are controlling and we must, therefore, hold, as did the department, that Robert Bailey's death was not accidental.

The order denying compensation is affirmed.

WIEST, C. J., and BUTZEL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.