## NEW AMSTERDAM CASUALTY CO. v. HUMPHREY.

### No. 5867.

Circuit Court of Appeals, Fifth Circuit.

Feb. 19, 1931.

Hobert Price and Robert B. Holland, both of Dallas, Tex., for appellant.

John W. West, of Dallas, Tex., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

HUTCHESON, District Judge.

Appellee, plaintiff below, conceiving herself aggrieved by the award of the Industrial Accident Board of the State of Texas, filed her suit under the provisions of the Workmen's Compensation Law of that state (Vernon's Ann. Civ. St. Tex., arts. 8306–8309) to recover compensation for the death of her husband, which occurred, as she alleged, "while in the discharge of his duties as an employee of the Kosack Construction Company, and while actually engaged in mixing mortar for the said construction company on one of its jobs in Dallas, Texas, and while working in the hot sun and at a place where he was wholly unprotected from the rays of the sun on said 9th day of August, 1928 became overheated and suffered what is known as 'sunstroke' and on the same day died as the result of the accident aforesaid."

At this petition no special exceptions were leveled, defendant contenting itself with filing a general demurrer which was by the Court overruled. It now assigns that action as error, asserting: (1) That heat prostration or sunstroke is not an accidental injury compensable under the Texas statutes; and

58

(2) if it is, plaintiff's petition was defective in not alleging that the deceased received the sunstroke as the result of a hazard which the conditions of his employment subjected him to over and beyond that of the general public.

■ Appellant's first point on the demurrer is clearly not well taken, for whatever may be the rule in other states, the law is settled in Texas, by decisions of its Supreme Court, that a sunstroke is an accident, Bryant v. Continental Casualty Co., 107 Tex. 591, 182 S. W. 673, L. R. A. 1916E, 945, Ann. Cas. 1918A, 517, and that injury or death occurring from sunstroke or heat prostration as the result of the hazards of employment, is compensable, O'Pry v. Security Union Cas. Co. (Tex. Com. App.) 1 S.W.(2d) 590, 61 A. L. R. 216; Hebert v. New Amsterdam Cas. Co. (Tex. Com. App.) 1 S.W.(2d) 608; Texas Employers' Ins. Ass'n v. Moore (Tex. Civ. App.) 279 S. W. 516.

■ As to its second point, while it might be, had a special exception been leveled at the petition, that because of the failure of the petition to specifically allege that the conditions inducing the deceased's heat stroke were different from those to which the general public was exposed, and the particulars wherein they were different, it ought to have been sustained, it is perfectly clear that under the Texas practice the petition stated a cause of action good against a general demurrer.

After the overruling of the general demurrer, the case proceeded to trial, and upon evidence fully sustaining plaintiff's theory that the deceased died from heat prostration or sunstroke induced and caused by the conditions of his employment, which exposed him to a hazard different from and greater than that to which the general public was exposed, the jury returned a verdict in favor of plaintiff and judgment was entered thereon. At the conclusion of the evidence appellant moved for an instructed verdict, which motion was overruled, and appellant assigns as error the action of the court in so doing.

These assignments question the sufficiency of the evidence to show a compensable injury: For the reason given for overruling the demurrers urged against the petition, and on the same authorities above set out, with the added reason that the evidence fully established the deceased's peculiar hazard, these assignments are overruled.

No special charges were requested by appellant, but exception was taken to the general charge and error is assigned here against it in two particulars.

■ The first exception complains of that part of the charge defining "accident" as follows:

"The word 'accident' as applicable to this case, has the same meaning as it has in the popular sense, namely any mishap or any untoward event not expected or designed."

The complaint seems to be that the definition is too broad, and would cover all accidents whether industrial or not.

The complaint is wholly without merit. The definition is in itself unexceptionable, Townsend & Freeman v. Taggart, 81 Ind. App. 610, 144 N. E. 556, where the same definition was approved, and both in its charge as first given, and in the supplemental charge the court made it clear that an accident could be recoverable only if it came about in the regular course of employment with the master as a result of an extra hazard to which the public was not exposed, and that the accident must be an injury in the nature of damage or harm to the physical structure of the employee.

■ The second exception is to that part of the charge which told the jury that death from sunstroke would be compensable only if the employment "was such as would expose the deceased to a hazard beyond that of the general public."

Or, as it is stated at another point in the charge, the happening must be in the regular course of the employment of the master "and must be the result of an extra hazard to which the public is not exposed."

The point made against the charge is that sunstroke being an act of God, the charge does not sufficiently exclude from the jury's consideration the hazard from that source to which the general public was exposed at or about the same time, and therefore does not limit appellee's right to recover to the particular hazard of the employment.

We think the charge fairly and in accordance with the law submitted the issue to the jury. Townsend & Freeman v. Taggart, 81 Ind. App. 610, 144 N. E. 556; Texas Employers' Ass'n v. Moore (Tex. Civ. App.) 279 S. W. 516, 517.

The charge was submitted in the language of the statute excepting "an injury caused by the Act of God unless the employee was at the time engaged in the performance of duties that subjected him to a greater hazard from the Act of God responsible for the injury than ordinarily applies to the general public." It is doubtful whether any more specific limitation would have been proper.

However, appellant did not request any special charge of the court, nor did it, in its objection to the charge of the court, suggest any proper limitation.

It would have been error against the deceased for the court to have charged in the manner suggested by appellant, as this would have eliminated from the jury's consideration the very thing which caused the injury, the rays of the sun.

It appearing from the record that the case was submitted on a fair charge, that the verdict rests upon full and ample evidence, and that no prejudicial error is shown, the judgment of the court below is affirmed.