### TRADERS & GENERAL INS. CO. v. WIMBERLY.

#### No. 3209.

Court of Civil Appeals of Texas. El Paso. June 27, 1935.

Rehearing Denied July 11, 1935.

Collins & Fairchild, of Lufkin, Stone & Wells, of Henderson, and Lightfoot & Robertson, of Fort Worth, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

PELPHREY, Chief Justice.

On or about July 12, 1933, appellee was employed by the K. S. Flint Rig Company, and on that date was engaged, together with his foreman, Clate Dotson, and three other employees, in building a derrick on what was known as the Siler lease about 12 miles southwest of Henderson in Rusk county, Tex. The particular place where the derrick was being erected was low and swampy, being from 30 to 50 feet lower than the surrounding country. A dike had been built out from the road and the derrick was being constructed on it, leaving stagnant water on both sides of the dike, as well as beyond it. There was also heavy timber 50 or 60 feet high surrounding the derrick site. Shortly before noon on the

12th day of July, appellee and Mr. Dotson carried a derrick leg weighing about 200 pounds and placed it on the derrick floor. Appellee then stepped off the derrick floor and when he had gone about 6 feet collapsed and became unconscious. When he regained consciousness, he was taken by Mr. Dotson to a hotel in Kilgore and later was taken to a hospital.

Appellee, in due time, filed a claim with the Industrial Accident Board, and, being dissatisfied with the ruling of the board, he gave notice of such and thereupon filed this suit. He sought a recovery for total and permanent disability and for payment in a lump sum.

Appellant answered by general demurrer and general denial. The jury found that appellee suffered a heat stroke on the 12th day of July, 1933, while working for the K. S. Flint Rig Company; that the conditions under which he worked on the date in question exposed him to greater hazards of a heat stroke than those to which the public ordinarily was exposed; that such conditions caused him to sustain the heat stroke; that the heat stroke was sustained in the course of his employment with K. S. Flint Rig Company; that he sustained total incapacity to labor as a result of such heat stroke; that such incapacity was permanent; that manifest hardship and injustice would result if the compensation was not paid in a lump sum; that appellee had worked 230 days in the employment in which he was working at the date of his injury in the year preceding such injury; that other employees had not worked substantially the whole of the year between July 12, 1932, and July 12, 1933, in the same or a similar employment in the neighborhood where appellee was working at the time of his injury; that the average daily wage of an employee of the same class as appellee, performing the same or similar work for K. S. Flint Rig Company during substantially the whole year before July 12, 1933, in Rusk county and vicinity during the days while so employed, was $4.50 per day; that appellee's incapacity was not due solely to natural diseases existing before July 12, 1933; that it was not produced solely by pyorrhea; that it was not due solely to the condition of his tonsils; that it was not due solely to a diseased condition of his heart existing prior to July 12, 1933; and that he had not fully recovered from the effects of the injury sustained by him on or before August 4, 1933.

Judgment was rendered in favor of appellee for the sum of $5,286.28 and this appeal followed:

### Opinion.

Whether appellee's injuries were total and permanent was submitted to the jury in issues Nos. 6 and 7, and later the jury was instructed to answer issue No. 13, inquiring whether appellee sustained any partial disability only in case of a negative answer to issues 6 and 7.

■ Appellant objected to the conditional submission of issue No. 13, and now assigns such submission as error.

We have recently had this question before us in the case of Traders & General Insurance Co. v. J. L. Shanks (Tex. Civ. App.) 83 S.W.(2d) 781 (not yet reported [in State Report]), and in that case, while we recognized the divergence of opinions among our courts on the question, we decided to follow the decisions there cited holding that the issue should be submitted unconditionally. We have not changed our views on the matter and the assignment will be sustained.

■ What has been said applies with equal force to the conditional submission of issue No. 12 inquiring as to what period of time the total incapacity would continue after July 12, 1933.

Issue No. 3, as submitted, reads: "Do you find from a preponderance of the evidence that the conditions, if any, under which Bill Wimberly worked, if he did work, on July 12, 1933, exposed him to greater hazards of a heat stroke than those to which the public ordinarily was exposed?"

■ Appellant now contends that this issue should have been limited to the place or to persons exposed to the sun's rays or to persons working out in the sunshine in that locality and to the performance of duties which subjected appellee to a greater hazard of heat stroke than ordinarily applied to the general public working out of doors in the sunshine.

Article 8309, § 1, second subd. 1, provides that an injury caused by the act of God shall not be compensable "unless the employee" is at the time engaged in the performance of duties that subject him to a greater hazard from the act of God responsible for the injury than ordinarily applies to the general public. A party claiming compensation under the employers' liability act is not called upon to go

further in alleging or proving his case than is required by the provisions of the act. Travelers' Ins. Co. v. Peters (Tex. Com. App.) 14 S.W.(2d) 1007. See, also, Texas Employers' Ins. Ass'n v. Gill (Tex. Civ. App.) 252 S. W. 850.

The charge certainly falls within the provision of the statute and, we think, is sufficient. See New Amsterdam Cas. Co. v. Humphrey (C. C. A.) 47 F.(2d) 57, where similar objection was made and Texas Employers' Ins. Ass'n v. Moyers, (Tex. Civ. App.) 69 S.W.(2d) 777, where a charge substantially the same was approved.

Practically the same objection was made to issues Nos. 4 and 5. They are without merit.

The court defined "heat stroke" to be: "A heat stroke having to do, with the originating in the work, business, trade or profession of an employer received by an employee while engaged in or about the furtherance of the affairs or business of the employer, whether on the premises of the employer or elsewhere."

■ Appellant contends that the court should have further instructed the jury that heat stroke from the rays of the sun was not an injury sustained in the course of employment, unless the employee was, at the time, required, in the performance of his duties, to be subjected to a greater hazard from the heat of the sun than ordinarily applied to the general public in that locality and working out of doors in the sunshine. A heat stroke to constitute an "injury sustained in the course of employment" not only was required to originate in the business of the employer, but also at a time when the employee was engaged in the performance of duties that subjected him to greater hazards from heat stroke than ordinarily applied to the general public, and a definition of that term should have, we think, contained such elements.

■ The jury having found that deceased worked only 230 days in the year preceding his injury and that no other employee of his same class had worked substantially the whole of the preceding year, it was proper to ascertain his weekly wage under the provisions of first subdivision 3 of section 1 of the article (article 8309). There having been no request for the submission of an issue thereunder the trial court properly supplied the finding. Barron v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 36 S.W.(2d) 464, and cases cited.

For the reasons discussed above, the judgment is reversed and the cause remanded,

**On Motion to Correct Opinion.**

In our former opinion we quoted a definition given by the court and described it as the court's definition of "heat stroke."

The trial court in his instructions described the definition as being "heat stroke sustained in the course of his employment." We naturally supposed that the definition would be understood as the definition applicable to the facts of the case before us.

In order that no misunderstanding of our opinion shall occur, we hereby correct the aforementioned statement to read: "Heat stroke sustained in the course of his employment."