**CITY OF AUSTIN, Appellant,**

v.

**Tommie Lee COOK, Appellee.**

**No. 10737.**

Court of Civil Appeals of Texas.

Austin.

Jan. 11, 1961.

Rehearing Denied March 1, 1961.

**546**

Doren R. Eskew, City Atty., C. J. Taylor, Jr., Thomas R. Hunter, Asst. City Attys., Austin, for appellant.

E. H. Grindstaff, Weatherford, F. L. Kuykendall, Byrd & Davis, Austin, for appellee.

HUGHES, Justice.

Our opinion reversing and remanding this case is found in 333 S.W.2d 398.

On November 30, 1960, the Supreme Court, by a per curiam opinion, 340 S.W.2d 482, held we erred in ordering a reversal on the ground given and remanded this cause to this Court in order that we might pass upon points not previously considered.

We now overrule the point upon which our reversal was based.

■ Not considered in our former opinion was appellant's first point that the Trial Judge commented upon the weight of the evidence in the presence of the jury, and that this was prejudicial error. Complaint of this was first made in motion for a new trial.

The incident in question arose under these circumstances: Appellee testified that because of his injuries he was $4,000 in debt and was forced to dispose of some of his property, this testimony being given to show hardship authorizing a lump sum award. On cross-examination appellee testified that $2,800 of his debts was owing on a new 1959 DeSoto purchased by his wife after his injuries were sustained. During the course of appellee's cross-examination the following occurred:

"Q. Yesterday you said that you owed Allied Finance Company $2800.-00. A. Yes.

"Q. Do you owe them $2800.00? A. Yes.

"Q. Do you owe it personally?

"Mr. Davis: Your Honor, counsel well knows that we have the community property rule in Texas and the man is obligated for all debts of his wife. To try to question the man on the law, when he well knows what it is, I object to that line of questioning.

"Mr. Taylor: I well know what the law is, Your Honor, but I believe we are entitled to ask the question.

"The Court: Yes, but you are asking for a legal conclusion, and I don't know what the purpose of it is, of course.

"Mr. Taylor: The purpose of it is that the Plaintiff has testified he owes so much money and is way in debt, and I am trying to show

\*    \*    \*    \*    \*    \*

"The Court: Well, I figure that I owe what my wife owes, too—in fact, I know I do.

"Mr. Taylor: That is true, Your Honor.

"The Court: I don't know that this gentleman is versed in the law. I could answer your question just like that, but you are asking him a legal question, and I can see that he is confused."

Appellee was awarded a lump sum judgment on the ground of hardship and injustice which weekly payments would cause.

The record above shows that the comments of the judge were made in ruling upon an objection made by appellee to the nature of the cross-examination. It is our opinion that no error under this point is shown. What the Judge said was concededly correct, and no objection was then made to his comments. If we are wrong and there is error, it, in our opinion, is harmless error under Rule 434, Texas Rules of Civil Procedure. If we are wrong in this, then it is our opinion that the error, harmful or harmless, was waived by failing to make an objection to the remarks of the Court. Holden v. Gibbons, Tex.Civ. App., Austin, 101 S.W.2d 837, writ dismissed; Loumparoff v. Housing Authority of City of Dallas, Tex.Civ.App., Dallas, 261 S.W.2d 224.

■ Appellant's second point, not previously considered, is that the Trial Court erred in not permitting its counsel to argue before the jury the failure of appellee to call as a witness his family doctor.

The record shows that Dr. Albert A. LaLonde testified as a witness for appellee for the reason that appellee's family doctor, Dr. Chauvin, who was expected to testify, was not in Austin the day of the trial.

During the course of arguments to the jury, appellant's counsel stated:

"What else could Tommie Lee Cook do but bring Dr. LaLonde in here?

He could have brought You, Dr. E. V. Chauvin. Dr. Chauvin could have been here, and he was Mr. Cook's old family doctor * * *"

The following objection to such argument was made:

"Your Honor, he is going absolutely out of the record. The only evidence in this case is that Dr. Chauvin is in Mexico and that we talked to him last week in an effort to get him in here, and he is in Mexico and unavailable. Now, if he wants to argue, let him stick to the evidence."

The following colloquy and rulings of the Court ensued:

"Mr. Taylor: (For the City) I have a right to draw an inference, Your Honor.

"Mr. Davis: (For appellee) You don't have a right to go outside the record on things that aren't in evidence.

"Mr. Taylor: It is in evidence why Dr. Chauvin is not here * * *

"Mr. Davis: It's not in evidence that he could be here.

"Mr. Taylor: I am entitled to draw an inference from the evidence as to why he is not here.

"The Court: Ladies and Gentlemen, you are the sole judges of the facts in this case and the testimony from the witness stand and you will be the sole judges there of what was said from the witness stand and you may only consider that, of course.

"Mr. Taylor: Is the objection sustained, Your Honor?

"The Court: I will sustain the objection in regard to that, you said he could be here. There isn't any evidence that he could be here.

"Mr. Taylor: The evidence is that he is not here, and he offered the rea-

son for it, and I except to the Court's ruling for the reason that I have a right to draw an inference from the testimony as presented."

The ruling of the Court was correct

There was no evidence that Dr. Chauvin could be present at the trial. Counsel's statement to the contrary was unsupported. He could comment fully on the absence of Dr. Chauvin, but he was properly restricted from asserting his availability when this was refuted by the record.

We have now completed discussion and decision of all points presented not discussed in our prior opinion.

It is necessary, however, that we review some of the rulings previously made because we there indicated errors which should be corrected upon retrial, but we did not discuss nor decide the harmful effect of such errors nor their reversible nature.

■ We held previously that the word "accidental" was not properly defined in the charge of the Court. We now hold that if this was error it is not reversible error because there was no evidence to require submission of an issue as to the accidental nature of appellee's injuries. Texas Employers Ins. Ass'n v. Agan, Tex.Civ. App., Eastland, 252 S.W.2d 743, 745, writ ref. In that case it was stated that "We have found no provision in our workmen's compensation statutes making the finding of an 'accident' a prerequisite to collection of compensation." The same case quoted from Southwestern Surety Ins. Co. v. Owens, Tex.Civ.App., Galveston, 198 S.W. 662, 664, writ ref. as follows; "The only portion of the act which designates the injuries to which the act applies as accidental is the emergency clause, which declares the aim of the act to be the protection by adequate law of the rights of employés injured in 'industrial accidents' and the beneficiaries of such employés as may be killed in such accidents. It is, we think, clear that the injuries referred to in the act are designated accidents only as contradistinguished from intentional injuries."

Appellant relies principally upon Texas Employers' Ins. Association v. McKay, 146 Tex. 569, 210 S.W.2d 147, 150 and its supporting authorities. There the Court copied a definition of "accidental injury" in a Workmen's Compensation case which included the words "which can be traced to a definite time, place and cause." The Court stated that it could not be denied that such definition was "amply supported by the authorities" and cited Barron v. Texas Employers' Ins. Association, Tex.Com. App., 36 S.W.2d 464; Texas Employers Ins. Association v. Hitt, 125 S.W.2d 323, Casualty Underwriters v. Flores, 125 S.W. 2d 371, writ dism., C. J., both by the Galveston Court of Civil Appeals, and Federal Underwriters Exchange v. Price, Tex.Civ. App., Eastland, 145 S.W.2d 951, writ dism., C. J.

We have examined each of these cases. The jury charge in Barron does not define "accidental" or "accidental injury." In discussing the compensability of the injuries there sustained the Commission of Appeals stated "an injury resulting from accident is something which occurs unexpectedly and not in the natural course of events." Later, much later in the opinion, the Court stated "What is termed an accident must be something out of the ordinary, unexpected, and definitely located as to time and place. If the injury is incurred gradually in the course of the employment and because thereof, and there is no specific event or occurrence known as a starting point, it should be held to be an occupational disease and not an injury resulting from accident." [36 S.W.2d 465]. Judgment for plaintiff was affirmed.

In Hitt the trial court defined "accidental injury" as "an undesigned, unforeseen or unexpected occurrence or mishap causing damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom." [125 S.W. 2d 330]. Judgment for plaintiff was affirmed.

In Flores error was assigned to the failure of the Court to submit an issue as to whether or not the death of decedent was accidental. Holding that this was not error, the Court stated: "A finding that his injuries were the result of inhaling the fumes is tantamount to a finding that they were the result of an accident." [125 S.W. 2d 374]. Barron, supra, was cited in support of this holding.

In Price the Court discussed the sufficiency of the evidence to sustain a jury finding of "accidental injury," but the issue itself nor the definition of "accidental injury", if any, is not shown and is not accessible to us.

The Price case aside, it is observed that in none of the cases cited with approval by the Supreme Court in McKay did the appellate court approve a definition of "accidental" conforming to the definition set forth in McKay; also it is observed that in none of such cases did the appellate court disapprove definition of the word "accidental" as defined in our case. To the contrary, the definition of "accidental" in Hitt is identical with the definition used by the court below.[1]

The only case which we have found holding a definition of "accidental" similar to the definition here used was inadequate is American Surety Co. of New York v. Ritchie, Tex.Civ.App., Waco, 182 S.W.2d 501, 503, writ refused for want of merit. The Court there was considering an objection to the definition of "occupational disease" which it found to be erroneous. In reaching this conclusion the Court said that the separate definitions of "accidental" and "injury" contained in the charge did not "give the jury a legal standard or guide by which the jury could determine whether the incapacity herein complained of was the result of an industrial accident on the one hand, as distinguished from an occupational disease on the other hand."

■ There is no question here but that if appellee was injured, as the jury found, he suffered an "industrial accident." We are satisfied that under the pleadings and evidence in this case, and under the authorities discussed, that the trial court's definition of "accidental", as contained in the charge, was sufficient, and that the failure to include the phrase requested by appellant was not reversible error. City of Austin v. Powell, Tex.Civ.App., Austin, 321 S.W.2d 924, writ ref., N.R.E.

In our former opinion we discussed the Trial Court's definition of the word "injury." We have concluded that reversible error under Rule 434, T.R.C.P., is not shown in this respect. We are not advised in what manner appellant has been harmed by the definition which the Court gave. No objection to the admission of evidence on the ground of lack of pleading is brought forward. Nor is any point presented as to the insufficiency of the evidence to support a jury finding, except as to lump sum payment.[2]

■ We also discussed in our first opinion the use of the word "following" in the special issue inquiring if appellee sustained

1. See New Amsterdam Casualty Co. v. Humphrey, 5 Cir., 47 F.2d 57, where a similar definition was approved.

2. In Commerce Realty Co. v. McElvey, Tex.Civ.App., San Antonio, 250 S.W.2d 931, 934, writ ref. N.R.E., the Court held that filing of a trial amendment alleging for the first time that plaintiff suffered from Buerger's disease before the accident and that the trauma sustained would aggravate the injury, evidence to such effect having been admitted, was not error and the Court stated that "The defendant answered by a general denial only and sought no further pleadings of the injuries. In that state of the record, the evidence relating to Buerger's disease was proper without any trial amendment at all." Supporting cases were cited.

In our case appellant answered by general denial only. See also Casualty Underwriters v. Flores, Tex.Civ.App., 125 S.W.2d 371, writ dism. C.J., for a discussion of the liberality with which pleadings are construed in Workmen's Compensation cases in the absence of exceptions.

total disability. This was special issue No. 3.

Special issue No. 4 as submitted and answered follows:

"Do you find from a preponderance of the evidence that the injury or injuries, if any, previously inquired about, was a producing cause of the total disability, if any, sustained by the plaintiff?

"Answer 'Yes' or 'No.'

"Answer: 'Yes.' "

Citing the dictionary definition of "following" to mean "after, succeeding, and ensuing", appellant says: " * * * the trial court effectively prevented the jury from deciding or determining if the appellee's disability resulted from or was caused by the July, 1955, injuries * * *"

· This contention is completely refuted by special issue No. 4. Reference in this issue to injuries "previously inquired about" was to the July 1955 injuries.

In view of the finding of the jury in special issue No. 4, we conclude that no harm, under Rule 434, resulted to appellant by the use of the word "following" in special issue No. 3. We, therefore, withdraw from our former opinion approval of the special issue requested by appellant inquiring if appellee sustained "any total disability resulting from" injuries previously inquired about.

Finding no reversible error, it is our judgment that our previous judgment· reversing and remanding this cause be, and it is hereby set aside and the judgment of the Trial Court be and it is hereby affirmed.

Affirmed.

On Appellant's Motion for Rehearing

■ In view of the opinion of our Supreme Court in Matthews v. General Accident Fire and Life Assurance Corp., Ltd., 343 S.W.2d 251, we have reviewed our holding regarding the Trial Court's definition of "injury" in the charge to the jury. We stated (333 S.W.2d 398, at page 403) that appellant objected to this definition because there was no pleading to support certain elements of the definition.

We further discussed this point in our original opinion herein. In addition to what we have previously stated and held, we add the following: Appellant did file written objection to the definition of "injury" contained in the Court's charge prior to its submission to the jury. There is, however, no indication or showing that such objection was "presented" to the trial judge as required by Rule 272, T.R.C.P.

It is our opinion, therefore, that appellant has waived any objection which he may have had to the insufficiency of appellee's pleading. Rule 90, T.R.C.P., Ellis Drilling Corp. v. McGuire, Tex.Civ.App., Eastland, 321 S.W.2d 911, writ ref., N.R.E.

The motion is overruled.