**LUMBERMEN'S MUTUAL CASUALTY COMPANY, Appellant,**

v.

**C. B. BUTLER, Appellee.**

No. 16949.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 27, 1968.

Rehearing Denied Oct. 25, 1968.

Fillmore & Fillmore, and H. Dustin Fillmore, Wichita Falls, for appellant.

Mock & Denbow, and C. Coit Mock, Wichita Falls, for appellee.

OPINION

MASSEY, Chief Justice.

Workmen's compensation case in which claimant C. B. Butler recovered judgment

for total permanent disability from Lumbermen's Mutual Casualty Company.

Affirmed.

Of interest is the manner of submission of certain special issues in answer to which the jury found permanence of the claimant's total disability. The manner of submission has become somewhat common in this type of case since publication of "The Model Workman's Compensation Charge" by the Honorable Kearby Peery of Wichita Falls. Worthy of consideration in regard to the attack leveled at the form of submission as applied to the instant case is language in City of Austin v. Cook, 333 S.W.2d 398, 403 (Austin Civ.App., 1960, reversed at 161 Tex. 294, 340 S.W.2d 482 on an unrelated ground) and later decision in the same case by the Austin Court at 343 S.W.2d 545, 550, writ ref. n. r. e.

In *Cook* the contention of the insurer was that the manner of submission "prevented" the jury from determining if the claimant's disability resulted from or was caused by injuries sustained on the date alleged. In the instant case the contention is that the manner of submission "compelled" the jury to find that the duration of the claimant's total disability was permanent in nature despite a possible belief by the jury that only a portion of the duration of such permanent total disability would be attributable to the injury initially causing such.

Specifically it is the contention of the insurer that since there was evidence in the case revealing that the claimant had been suffering from degenerative disc disease for years prior to date of the alleged injury,—with the occurrence of numerous prior back injuries involving the identical parts of his back,—with medical testimony that the herniation of the disc(s) did not occur until after the expiration of a number of months subsequent to the date of the injury,—and with symptoms shown to have been capable of manifesting themselves with or without injury, particularly as applied to the fact that degenerative disc

disease could produce the same symptoms even without injury,—it could not be said that the jury's answers to special issues established with a requisite degree of certainty that the injury was a producing cause of the total disability for the whole of the period of permanent total disability. Otherwise stated, it is the insurer's contention that the trial court did not frame the special issues so as to allow the jury to find that the duration of total disability "resulting from the injury", as distinguished from the duration of total disability "following (subsequent to) the injury", was produced by the injury, though some (not all) of the period of the total disability was attributable thereto.

In *Cook* (333 S.W.2d 398, 403, and 343 S.W.2d 545, 550) the jury found in Special Issues Nos. 1 and 2 that compensable injury or injuries had been sustained as alleged by claimant Cook, followed by Special Issues Nos. 3 and 4, as follows:

No. 3. " 'Do you find from a preponderance of the evidence that the Plaintiff sustained any total disability following the injury or injuries, if any, previously inquired about?' "

No. 4. " 'Do you find from a preponderance of the evidence that the injury or injuries, if any, previously inquired about, was a producing cause of the total disability, if any, sustained by the plaintiff?' "

The Austin Court of Civil Appeals held that in view of the affirmative finding of the jury in answer to Special Issue No. 4 that no harm resulted to the insurer by reason of the use of the word "following" in Special Issue No. 3. Texas Rules of Civil Procedure, rule 434. In other words it was the conclusion of the Austin Court that since the jury found that the injury or injuries sustained by the claimant was a "producing cause of the total disability sustained" it could not be said that the use of the phrase "following the injury or injuries",—rather than a use of the words "resulting from the injury or injuries"—probably caused any member of

the jury to agree to answer "yes" to Special Issue No. 3 when he would not have so agreed to return a like answer had the inquiry been as to whether the plaintiff had sustained total disability "resulting from the injury or injuries".

In the instant case the inquiry made in *Cook* was by a greater number of issues, as follows:

No. 5. "Do you find from a preponderance of the evidence that the Plaintiff sustained any total disability following the injury, if any, inquired about in Special Issue No. 2?"

No. 6. "Do you find from a preponderance of the evidence that the injury, if any, previously inquired about, was a producing cause of such total disability, if any, sustained by the Plaintiff?"

No. 8. "Do you find from a preponderance of the evidence that such total disability, if any, inquired about in Special Issue No. 5, has been and will be permanent, or has been or will be temporary?"

As in *Cook* judgment was rendered for compensation benefits for total permanent disability, based upon jury findings which seemingly entitled the claimant thereto. Additionally, in the instant case—as result of contentions of the insurer—the court submitted the following inferential rebuttal issue with the burden cast upon the claimant, viz:

No. 16. "Do you find from a preponderance of the evidence that Plaintiff's disability, if any, after April 19, 1966, is not caused solely by previous injuries, if any, the consequences of previous injuries, if any, pre-existing degenerative disc disease, if any, and pre-existing degenerative changes, if any, which were independent of and not aggravated by the alleged injury, if any inquired about in Special Issue No. 2." In answer to which the jury found: "It is not caused solely by such previous conditions."

■ We are of the opinion, and hold, that it was indisputably established by the jury, in its answers to Special Issues 5, 6, and 8, that the claimant's injury was a producing cause of "such total disability" as occurred after the date of his injury—and that "such total disability", of which the injury was a producing cause, was of permanent rather than only temporary duration. Furthermore we are of the opinion, and hold, that the jury found by its answer to Special Issue 16 that at no time during the period during which the claimant was experiencing (and/or would be experiencing) a condition of total disability had there been (nor would there be) an occasion when such totally incapacitated condition was resultant from any unrelated previous injury or its consequences, or from pre-existent degenerative changes, independent of and not aggravated by the compensable injury sustained by him.

We overrule the points of error predicated upon the complaint and objection leveled at the aforementioned issues in the charge. Like unto the holding of the Austin Court of Civil Appeals in *Cook* it is our holding in the instant case that no harm resulted to the insurer in a use of the term "following" in Special Issue No. 5 rather than the words "resulting from", as applied to the time of the injury inquired about, nor in the consideration thereof—upon affirmative jury finding made in answer thereto—in Special Issues Nos. 6 and 8, and the jury's answers thereto.

■ In connection with the aforementioned Special Issues Nos. 6 and 8 the insurer requested and was refused the following special instruction, viz:

"In answering Special Issues Nos. 8 and 9, you will take into consideration only that period of time that the injury, if any, inquired about in Special Issue No. 2 has been, if it has been, or will be, if in all reasonable probability it will be, a producing cause of such total disability."

Conditioned upon an affirmative finding to Special Issue No. 6, inquiring whether the claimant's injury was a producing cause of total disability the insurer requested and was refused the following specially requested issue, viz:

"Find from a preponderance of the evidence that period of time that the injury, if any, inquired about in Special Issue No. 2 has been or in reasonable probability will be a producing cause of such total incapacity, if any."

The insurer's theory, premise for the specially requested instruction and/or specially requested issue, was that though the plaintiff's special issues be answered in accord with claimant's contentions the condition of the charge would nevertheless be one in which there was a failure to submit the ultimate issue determinative of the duration of the total disability. In this we hold the insurer to be in error, having concluded that the plaintiff's issues did adequately submit the ultimate issue determinative of such duration. It necessarily follows that the trial court did not err in refusing the instruction and issue.

■ The insurer requested and was denied specially requested issues Nos. 5 to 10, inclusive. Thereby it was desired to require that claimant obtain findings by the jury in response to inferential rebuttal issues that one or more prior injuries (admittedly sustained by him while working for H. O. Wooten Grocery and Parker Food, Inc.) did not contribute to disability he experienced following the compensable injury because of which he brought and prosecuted his suit, and—conditioned upon refusal to find for claimant thereto, and inferentially that one or more such injuries did contribute to his disability thereafter—to require that the jury find the extent by way of percentage to which such injury or injuries contributed to the disability.

Of interest is the claimant's response to the points of error by which the insurer advances the contentions described in the above paragraph, including claimant's suggestion that such must fail because there was no evidence that any of the prior injuries were covered by the Texas Workmen's Compensation Law. (Uncontradicted proof was to the effect that claimant had neither claimed nor been paid any compensation.) Though claimant's suggestion is probably correct we prefer to decide the points of error on the state of the court's charge as submitted to the jury. Thereby, under the evidence in the case, we hold that the court did submit all of the ultimate and controlling issues, together with appropriate definitions and instructions, and therefore the court's denial of the further issues desired by the insurer was correct.

■ By its concluding point of error the insurer complains because the trial court overruled its objection to the question propounded to the wife of the claimant, as follows: "When were you advised to have an operation?" The section of the trial to which such question had relation bore upon the matter of entitlement to compensation in a lump sum. The insurer says that the answer called for and returned by the witness was hearsay and reasonably calculated to cause and probably did cause the jury to find, as it did, that manifest hardship and injury would result if claimant was not paid his compensation in a lump sum. We have examined the state of the evidence, particularly the testimony of the same witness. She had testified without any objection that she needed an operation—its type and seriousness was not stated, nor was anticipated cost. Other testimony adequately established the claimant's need under his pleadings. He had received no weekly compensation. We hold that allowance of the question and answer as to when the witness was advised to have an operation constituted harmless error. T.R.C.P. 434.

Judgment is affirmed.